No. 11,156.

MARTIN BROUILLETTE ET AL. VS. THE JUDGE OF THE TENTH DISTRICT COURT, PARISH OF AVOYELLES.

1. Ordinarily, in criminal cases, our supervisory jurisdiction is only exercised when there is no remedy by appeal; but inasmuch as it can not be determined till after trial and sentence whether this cause will be appealable or not, and as the question relates to a change of venue involving the necessity of forcing relators to meet a trial in a parish different from their domicil and subjecting the State to the expense and trouble of a vain trial, the jurisdiction is properly invoked.

2. The Act 95 of 1876 repealed the former law authorizing the prosecuting attorneys and district judges to order a change of venue whenever in their own judgment it was necessary in order to secure a fair trial, and requires that change of venue shall be ordered only after its necessity has been "established by legal and sufficient evidence," which contemplates a contradictory trial of the issue and the hearing of evidence adduced by both parties.

3. An order granted on the simple motion and affidavit of the district attorney without evidence adduced in support of it and without opportunity afforded to defendants to adduce evidence, is irregular, null and void, and will be set aside in the exercise of the supervisory jurisdiction.

A PPLICATION for Certiorari and Prohibition.

*Edwin G. Hunter* and *A. Balbin* for the Relators.

*M. J. Cunningham*, Attorney General, and *John C. & Charles A. Wickliffe* for the Respondent.

The opinion of the court was delivered by

FENNER, J.   This is an application for the exercise of our supervisory jurisdiction, by writs of *certiorari* and prohibition, to annul certain proceedings had before the respondent judge in a criminal prosecution against the relators.

Ordinarily we exercise such jurisdiction only in unappealable cases, leaving errors committed in appealable causes to be corrected, in ordinary course, on appeal.

But in the instant cases it can not be determined whether they are appealable or not until after trial and sentence.   Article 81 of the Constitution grants the right of appeal in criminal cases only when "the punishment of death or imprisonment at hard labor *may be* inflicted, or a fine exceeding $300 *is actually* imposed."

The statute, on which these prosecutions are based, authorizes a penalty of imprisonment in the parish jail not exceeding one year and a fine not exceeding $2500.

The sentence might impose a fine not exceeding $300, in which case there would be no right of appeal.

While we abstain from laying down any rule authorizing appeals to our supervisory jurisdiction in all cases of this kind, and might, perhaps, consider it better in ordinary cases to await the conclusion of the trial and sentence before resorting to our powers of supervision in case the sentence should prove unappealable, we think that, under the peculiar facts of this case, where the issue is as to the validity of a change of venue, where relators are forced to meet a trial in a parish other than that of their domicil, and where the State is exposed to the labor and expense of a trial which will prove fruitless, the interests of justice will be promoted by an immediate determination of the question presented, in order that irregular proceedings may be corrected and legal ones substituted therefor.

Various irregularities are assigned, in the application, affecting the arraignment and pleas, as well as the change of venue; but, as to none of them except the change of venue does it appear from the

record that any objection was urged before the respondent judge, or was overruled by him. On the contrary, so far as the record shows, the defendants, attended by counsel, voluntarily waived arraignment and entered their pleas of not guilty before the judge sitting out of term and as a committing magistrate. We shall adhere to our rule, often announced, that we will not exercise our supervisory jurisdiction to correct errors not complained of in the lower court and for which relief has not been there first sought and denied. But the order granting the change of venue was made over the objection of relators urged at time the order was made, overruled by the judge, and embodied in a bill of exception signed by him.

It appears that at a sitting of the court out of term, and immediately after the filing of informations against the relators, and after they had voluntarily waived arraignment and entered their pleas of not guilty, the district attorney presented a motion for a change of venue on the ground that the state of public sentiment in the parish was such that a fair and impartial trial could not be had, which motion was accompanied by his affidavit to the fact stated. The judge, without hearing any evidence, immediately granted the order, and notwithstanding the relators, by counsel, objected thereto, maintained the same, reserving counsel's right to embody the objections in a bill of exceptions, which was accordingly done.

It was formerly the law, under the Act of 1868, embodied in Secs. 1021 and 1172 of the Revised Statutes, that the judge might order a change of venue upon the simple application of the State's attorney, or of his own motion, whenever satisfied that a competent jury could not be had in the parish. But by Act 95 of 1876 this law was repealed and, in lieu thereof, it was enacted: "That whenever it shall be *established*, in any criminal prosecution, *by legal and sufficient evidence*, that a fair and impartial trial can not be had in the parish where the case is pending, the judge of any court having jurisdiction of the case may, upon application of the Attorney General, district attorney or district attorney *pro tempore*, for a change of venue, grant such application."

This statute so obviously contemplates a trial of the issue on evidence to be adduced, including the right of accused to cross-examine the witnesses of the State, and also, if so desired, to produce witnesses in their own behalf, that we are bound to conlude that the learned judge must have inadvertently overlooked its existence.

The mere affidavit of the district attorney attached to the motion is certainly not the "legal and sufficient evidence" required by the statute, nor is the judge's own personal knowledge of the sentiment of the community sufficient. He could act only on "legal and sufficient evidence," and not upon the mere opinions of the district attorney or of himself, however conscientious and even well founded they might be.

The very object of the Act of 1876 was to repeal the law which authorized the judge to order a change of venue on the strength of such opinions, and to require that the necessity and propriety of a change of venue should be otherwise established by "legal and sufficient evidence." If the proceeding in the present case should be maintained the repeal of the former law would have been useless, and the new law would be held vain and without effect.

Reference to Sec. 1023, Revised Statutes, regulating proceedings where the application for change of venue is made by defendants, shows the nature of the proceedings contemplated, clearly involving a contradictory hearing of the parties and their witnesses.

It is therefore adjudged and decreed that the order of the respondent judge granting a change of venue be decreed to be irregular, null and void, and that the same now be set aside, and that all further proceedings based on said order be enjoined and prohibited, and that the cases be reinstated upon the docket of respondent's court to be proceeded with according to law.