Hillsborough, }
   Dec., 1894.  }

## WOODWARD & a. v. BIXBY.

The maker of a promissory note who was induced to sign it by false repre-
sentations, and was guilty of negligence in so signing, is estopped from
setting up the fraud against a payee who had no knowledge of it, or of
facts sufficient to put him on inquiry.

In an action upon such note, evidence as to the financial ability of the maker
at the time it was given and his acquisition of property subsequent to that
date is inadmissible.

The surrender by A of B's overdue note is a sufficient consideration for C's
note to A.

ASSUMPSIT, upon the defendant's promissory note for $1,000,
dated May 14, 1892, payable to the order of the plaintiffs in four
months after date.    Verdict for the plaintiffs.

The plaintiffs did business in Boston, Massachusetts, and the
defendant resided in Manchester in this county.    The plaintiffs'
evidence tended to show that they had an overdue note for
$1,000 signed by George Stockbridge, a nephew of the defend-
ant, and indorsed by his father-in-law, of which the consideration
was money loaned by them to Stockbridge; that when urged to
pay this note, Stockbridge proposed to give a note signed by the
defendant, which proposition the plaintiffs accepted; that one
of the plaintiffs wrote the note in suit, which was taken by
Stockbridge and returned to them about May 23, 1892, signed
by the defendant, and was accepted by them in payment of
Stockbridge's note, which was delivered to him; that they had
no knowledge or suspicion of any fraud committed by Stock-
bridge in procuring the defendant's signature to the note; that
Stockbridge had been in their employ five or six years and they
had no reason to suppose he was not trustworthy prior to the
time they agreed with him to accept the defendant's note in pay-
ment of his; that afterward, and before the note was brought to
them, they learned, through his confession, that he had been
stealing from them.    The defendant excepted to the denial of
a motion for a nonsuit at the close of the plaintiffs' evidence.

The defendant's evidence tended to show that Stockbridge
called on her in Manchester, and, after a conversation about
family and other matters, produced a paper and requested her
to sign it; that she asked what it was, and he replied that it was
all right; that she signed it without reading it or knowing its
contents, relying upon Stockbridge's assurance that it was all
right; that she never gave a note before and was unfamiliar
with business affairs; and that the paper so signed was the note
in suit.    She was not indebted to Stockbridge or the plaintiffs.
The defendant excepted to the exclusion of testimony called for

by the following questions proposed to her : " How much property had you in May, 1892 ?   Have you acquired any since ? "

The defendant requested the following instructions : " This suit is between the immediate parties, the payee and the maker, and if there was no consideration for the note, or if it was procured by fraud, the plaintiffs cannot recover.   Whatever Stockbridge did in procuring the defendant's signature was done for the plaintiffs, and their rights to recover in this suit are no greater than if they were present at the time the signature was obtained and aided in its procurement.   If Stockbridge procured the defendant's signature to the note by fraud and without consideration, the plaintiffs cannot recover."

The request was denied, and the following instructions, in substance, were given : If the plaintiffs exchanged a note held by them against Stockbridge and his father-in-law for the note in suit, there would be sufficient consideration for the latter note, and the defendant would be liable upon it in this action unless her promise is made void by the manner in which it was obtained from her.   If there was no such exchange of notes, a sufficient consideration for the defendant's note is not shown, and the defendant is not liable upon it.   If, in consequence of Stockbridge's fraud, the defendant did not know the paper was a promissory note when she signed it, but supposed it was something that would not harm her, she is not liable in this action unless she was guilty of negligence in signing it.   If she would not have signed it but for her own negligence, and the plaintiffs took it in exchange for the Stockbridge note, relying upon its being what it purported to be, without knowing of the fraud that was practiced upon the defendant or being put upon inquiry concerning it, the defendant would be estopped from setting up the fraud, and would be liable in this action ; but if they had knowledge of the fraud or of facts that would put a reasonable man upon inquiry as to the manner in which the note was obtained, there would be no estoppel, and the plaintiffs would not be entitled to recover, although the defendant signed the note in consequence of her own negligence.

The defendant did not except to these instructions, but did except because those requested were not given ; and moved to set aside the verdict because of errors in the above mentioned rulings.

*David Cross* and *David A. Taggart*, for the plaintiffs.

*Burnham, Brown & Warren*, for the defendant.

SMITH, J.   The motions for a nonsuit and for setting aside the verdict raise the same question, namely, whether there was evidence from which it was competent for the jury to find a verdict

for the plaintiffs. There was evidence that would warrant the jury in finding that Stockbridge obtained the defendant's signature by fraud, and that the plaintiffs received the note before maturity, without knowledge or notice of the fraud, in payment of Stockbridge's overdue note for the same sum. But whenever one of two innocent persons must suffer from the acts of a third, he who has enabled another to occasion the loss must sustain it. *Lickbarrow* v. *Mason*, 2 T. R. 63, 70; *Citizens' Bank* v. *Smith*, 55 N. H. 593, 602. The jury were instructed, in substance, that if a fraud was practiced upon the defendant by Stockbridge, and that she would not have signed the note but for her own negligence, she was estopped from setting up fraud. In returning a verdict for the plaintiffs, the jury must have found that the defendant was not in the exercise of due care in signing the note and entrusting it to Stockbridge. According to the authorities in this and most other jurisdictions, the verdict must stand. Our views as to the law upon this branch of the case were so fully expressed in the opinion of *Ladd*, J., in *Citizens' Bank* v. *Smith*, *supra*, that they need no restatement here.

The evidence offered by the defendant to show how much property she had in May, 1892, the date of the note, and how much she had acquired since, was rejected as immaterial. It was wholly irrelevant upon any issue tried. A fact logically relevant may be rejected, if, in the opinion of the trial judge and under the circumstances of the case, it be considered essentially misleading or too remote (*Cole* v. *Boardman*, 63 N. H. 580, 581), both of which things were true of the evidence excluded.

The remaining questions arise from the refusal to give the instructions requested. As between the defendant and Stockbridge, the note was an accommodation note, and subject to the defence of want of consideration as well as of fraud. But as between the plaintiffs and defendant, there was a good and sufficient consideration. The case does not stand differently from what it would if Stockbridge were payee and indorser, and the plaintiffs were indorsees. The note was given, not in payment of a debt due from the defendant to the plaintiffs, but in payment of an overdue note from Stockbridge to the plaintiffs which was surrendered upon receiving the note in suit. There was no evidence competent for the jury, that Stockbridge in procuring the defendant's signature was acting as the plaintiffs' agent; and there was no evidence that the defendant understood Stockbridge was acting as agent for any third person. The whole case shows that in procuring the defendant's signature Stockbridge was acting in his own behalf,— that he was procuring the means for paying his own debt to the plaintiffs. The case is the same as if he had fraudulently procured a loan from the defendant of $1,000, and used the money to take up his overdue note.

*Exceptions overruled.*

CHASE, J., did not sit : the others concurred.