# CASES AT LAW

DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

NOVEMBER TERM, 1895.

---

THE STATE, JOHN M. CHAMBERLAIN ET AL., PROSE-
CUTORS, PLAINTIFFS IN ERROR, v. THE BOARD
OF EDUCATION OF THE TOWNSHIP OF CRANBURY,
IN THE COUNTY OF MIDDLESEX, DEFENDANT IN
ERROR.

It is necessary that it shall clearly and unequivocally appear upon the face
of proceedings for the issue of bonds of a school district, under the
nineteenth section of the amendment to the "Act to establish a system
of public instruction," which was approved May 25th, 1894 (*Pamph.
L.*, p. 506; *Gen. Stat.*, p. 3060), that the bonds are to be issued only for
purposes which the statute authorizes them to be issued for.

---

On error to the Supreme Court. For opinion of the
Supreme Court, see 28 *Vroom* 605.

Upon *certiorari*, proceedings contemplating the raising of
moneys by special tax upon taxable property in the township
of Cranbury for school purposes and the issuance of bonds by
the board of education of that township were reviewed by
the Supreme Court and sustained as legal.

347

In virtue of the direction of the board of education of the township named, this notice was duly published as the statute (*Pamph. L.* 1894, *p.* 511, § 11) requires:

## "NOTICE OF A SPECIAL SCHOOL MEETING.

"Notice is hereby given to the legal voters of the school district of Cranbury township, in the county of Middlesex, and State of New Jersey, that a special school meeting will be held at Odd Fellows' Hall, in the village of Cranbury, in said school district, on Saturday, the 15th day of September, at the hour of three o'clock in the afternoon of said day, at which meeting will be submitted to the legal voters the following propositions, to wit:

"1. To vote and appropriate the sum of $1,600 to purchase a certain lot of land in the village of Cranbury, Middlesex county, New Jersey, known as the Duncan lot, described as follows, to wit.

[Here follows description.]

"2. To vote and appropriate the sum of $400 for the purpose of grading and fencing said lot and furnishing a proper drinking-water supply.

"3. To vote and appropriate the sum of $4,000 for the purpose of erecting and constructing a suitable school-house on said described lot.

"4. To vote and appropriate the sum of $500 for the purpose of purchasing suitable furniture for said school building.

"5. To authorize the board of education, in order that immediate funds may be procured for the purposes above mentioned, to issue school bonds, in the corporate name of 'The Board of Education of the Township of Cranbury, in the County of Middlesex,' to the amount of $6,500, payable at such time and in such amounts as the legal voters at said special meeting may direct, with interest at a rate not to exceed six per centum per annum, payable semi-annually.

"6. To vote and appropriate, for the purpose of purchasing free school text-books, the sum of ($300) three hundred dollars.

"7. To vote and appropriate, for the purpose of paying for

the services rendered to the board by the district clerk, at the monthly ratio of ($100) one hundred dollars per year.

" 8. To vote and appropriate, for the purchasing of crayon, brooms, pails and other necessary school supplies, and meeting the expenses of cleaning of and caring for the schoolrooms, the sum of ($100) one hundred dollars.

" The amount thought to be necessary for above purposes is the sum of ($7,000) seven thousand dollars.

"D. C. LEWIS, *President.*
"C. F. GARRISON, *Secretary.*

"Dated Cranbury, N. J., this 29th day of August, A. D. 1894."

It appears, by what purports to be the certificate of the proceedings at the meeting held in pursuance of the notice, that a series of resolutions were offered in the following order and language:

" *Resolved,* That we order to be raised, by special assessment on the inhabitants of Cranbury Township School District and their estates and the taxable property therein, the sum of ($300) three hundred dollars, which we hereby appropriate for the purpose of purchasing text-books required in addition to those at present in use in the hands of the pupils or owned by said school district.

" *Resolved,* That we order to be raised, by special assessment on the inhabitants of Cranbury Township School District and their estates and the taxable property therein, the sum of ($100) one hundred dollars, which we hereby appropriate for the purpose of paying for services rendered by the district clerk, or to be rendered during the year, to said board of education.

" *Resolved,* That we order to be raised, by special assessment on the inhabitants of Cranbury Township School District and their estates and the taxable property therein, the sum of ($100) one hundred dollars, which we hereby appropriate for the purposes of purchasing crayon, brooms, pails

and other necessary school supplies, and meeting the expenses of cleaning and of keeping clean the school-rooms of said school district.

"*Resolved*, That said board of education be hereby authorized and empowered to do whatever is necessary for the benefit and advantage of said school district in carrying out the true meaning, intent and purpose of the above resolutions.

"*Resolved*, That we order to be raised, by special assessment on the inhabitants of Cranbury Township School District and their estates and the taxable property therein, the sum of ($1,600) sixteen hundred dollars, which amount we hereby appropriate for the purpose of purchasing the Duncan lot, in the village of Cranbury and school district aforesaid, which said lot is described as follows.

[Here follows description.]

"*Resolved*, That we order to be raised, by special assessment on the inhabitants of Cranbury Township School District and their estates and the taxable property therein, the sum of ($400) four hundred dollars, which amount we hereby appropriate for the purposes of grading and fencing said lot and furnishing a proper drinking-water supply.

"*Resolved*, That we order to be raised, by special assessment on the inhabitants of Cranbury Township School District and their estates and the taxable property therein, the sum of ($4,000) four thousand dollars, which amount we hereby appropriate for the purpose of erecting and constructing a suitable school-house, with the necessary outhouses, on said described lot.

"*Resolved*, That we order to be raised, by special assessment on the inhabitants of Cranbury Township School District and their estates and the taxable property therein, the sum of ($500) five hundred dollars, which amount we hereby appropriate for the purpose of purchasing suitable school furniture for said school building.

"*Resolved*, That the board of education of the township of Cranbury, in order to raise immediate funds for the purposes above mentioned, be authorized, and we do hereby

authorize said board, to issue school bonds, in the corporate name of 'The Board of Education of the Township of Cranbury, in the County of Middlesex,' to the amount of ($6,500) six thousand and five hundred dollars, in order to raise said needed amount immediately, in the denomination of ($200) two hundred dollars each, at a rate of interest not to exceed six per cent. per annum, payable semi-annually at the National bank of Cranbury. The bonds hereby authorized to be issued are to fall due and paid two each year during the first ten years and three thereafter until all are paid, and the necessary amount raised at the annual meeting of each year until all the outstanding bonds and the accrued interest thereon shall have been paid."

It is agreed by stipulation in the case the resolutions were consented to by a majority of those present at the meeting by ballots, each of which was as follows:

"CRANBURY TOWNSHIP SCHOOL DISTRICT TICKET.

"SEPTEMBER 15TH, 1894.

"*For Raising Special Tax for the Following Purposes:*

"*Resolved,* That we order to be raised by special assessment:

"1. The sum of $300 for text-books.

"2. The sum of $100 for services of clerk.

"3. The sum of $100 for supplies, janitor, cleaning, &c.

"4. That said school board be authorized and empowered to do for the advantage and benefit of school district in carrying out the true meaning of above resolution.

"That we order to be raised by special assessment:

"1. The sum of $1,600 for purchase of Duncan lot for school purposes.

"2. The sum of $400 for fence, grading and water.

"3. The sum of $4,000 for school building.

"4. The sum of $500 for furniture.

"5. That the board of education be authorized, in the corporate name of 'The Board of Education of Cranbury

Township,' to issue school bonds to the amount of $6,500, in denomination of $200, to fall due and be paid, with interest, two each year during the first ten years, and three each year thereafter until all are paid."

For the plaintiffs in error, *Alan H. Strong.*

For the defendant in error, *H. Brewster Willis.*

The opinion of the court was delivered by

THE CHANCELLOR.    The nineteenth section of the amendment to the "Act to establish a system of public instruction [Revision], approved March 27th, 1874," which was approved May 25th, 1894 (*Pamph. L., p.* 506 ; *Gen. Stat., p.* 3060), provides that the legal voters of a school district, either at an annual meeting or at a special meeting called for that purpose, may, by the consent of a majority of those present, authorize the board of education of the district to issue bonds for these purposes :

(*a*)  The purchase of land for school purposes.

(*b*)  The building of a school-house or school-houses.

(*c*)  Making additions, alterations, repairs or improvements in or upon school-houses already erected and the lands upon which they are located.

It is deemed that this specification of the purposes for which bonds may be issued limits the authority to issue bonds to those purposes.    That which the board of education of the township of Cranbury proposed to submit to the legal voters at the special meeting called for September 15th, was stated in the notice of that meeting, but that which was actually submitted and assented to, is not found in that notice, but appears by the resolutions adopted and the ballots through which those resolutions were assented to.    The consent appears to have been that $300 for text-books, $100 for services of clerk, $100 for supplies, janitor, cleaning, &c., $1,600 for purchase of Duncan lot, $400 for fence, grading and water, $4,000 for school building and $500 for furniture, be raised by special assessment, and then that " in order to raise imme-

diate funds for the purposes above mentioned" the board of education should be authorized to issue bonds to the amount of $6,500. All purposes for raising money, as appears by the order in which the resolutions are put in the certificate of the proceedings of the meeting and by the order in which they are arranged upon the ballot, were expressed prior to the resolution which authorizes the issue of bonds, but, as the total of their amounts exceeds the sum, $6,500, authorized to be raised by the bonds, and it appears that, after the resolution authorizing the raising of the third item, to wit, $100 for supplies, &c., there intervened a resolution empowering the board of education to do whatever was necessary to carry out the intent of the "above resolutions," and the elimination of the first three items will leave just $6,500 in the four remaining items, it is insisted, that it is a fair inference that the language, "purposes above mentioned," in the resolution for the bonds, was intended to have reference only to the last four items. It may be that this inference is correct. It is aided, to some extent, by the numbering of the items upon the ballot, in two series; yet it is a mere inference. It lacks positiveness and certainty, and for that reason we deem it to be insufficient upon the question whether the bonds were confined to the purposes authorized by the statute. We think the purposes for which the bonds were to be issued should clearly and unequivocally have appeared upon the face of the proceedings, so as to indubitably show that their issuance will be wholly within the power conferred by the statute.

But if it be conceded that it is sufficiently plain that the intention was that the bonds were to issue for the purpose of meeting the last four items of the appropriation, we are confronted with the question whether two of those items, $400 for fence, grading and water, and $500 for furniture, were within the authority of the statute. The Supreme Court deemed them to be parcel of the construction of a well-appointed school-house. We are inclined to so regard the fencing, grading and water and so also to consider any furniture which may be constructed with and permanently affixed

to the building, such as slates and blackboards built in the walls, but we cannot so regard the ordinary movable furniture of a school which is not fixed to the building. If, by the $500 item, such fixed furniture had been intended, appropriation for building a school-house, without further specification, would suffice to cover it, but here there is not only an appropriation for the school building, but also an appropriation for furniture, as though they were separate things. The inference would appear to be that furniture which is not part of the building was intended. Bonds cannot be issued to pay for such furniture. But, whatever may be the inference, it at least is not clear, as it should be, that the furniture intended, is to be part of the building.

Our conclusion upon the points stated leads to a reversal of the judgment before us, and hence we do not deem it necessary to review the remaining questions passed upon by the Supreme Court or suggested by counsel.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, SIMS, SMITH, TALMAN.    12.