No. 13,589.

STATE EX REL. LOUIS P. HART VS. JOHN ST. PAUL, JUDGE, DIVISION "C." CIVIL DISTRICT COURT.

### SYLLABUS.

Where, in a suit, brought by the wife, for separation from bed and board, the husband, by exception, declines the jurisdiction of the court, he can not be compelled to litigate the question of the plaintiff's right to alimony until the exception to the jurisdiction has first been heard and determined: and, his objection thereto having been overruled and an appeal denied, he may obtain relief by prohibition.

O N APPLICATION for Writs of Injunction, Prohibition and *Certiorari.*

*Denegre, Blair & Denegre* for Relator.

Respondent Judge *pro se.*

*Carleton Hunt* and *Henry Renshaw* for Mrs. Anna Ferguson Bromade, wife of Louis P. Hart, Respondent.

----

The opinion of the court was delivered by

MONROE, J. Relator alleges that he is sued for separation from bed and board, and is ordered to show cause why he should not pay alimony to the plaintiff in the suit; and that he has appeared solely for the purpose of excepting to the jurisdiction of the court, the facts being that he resides in Georgia, and is in Louisiana only temporarily, on business, and that the plaintiff is a non-resident of this State, and is here only to prosecute the suit filed by her. He further alleges that a commission having been issued to take testimony in support of his exception, he objected to proceeding, in the meanwhile, with the trial of the rule for alimony, and his objection having been overruled, was refused an appeal from said judgment. He, therefore, prays that the judge *a quo* be enjoined and prohibited from further proceeding with the trial of the said rule for alimony until he shall have heard and determined the question of his jurisdiction as to the main action.

The respondent judge makes return to the effect that a plea to jurisdiction dispenses only with an answer to the merits; that jurisdiction is presumed until the want of it is established; that, for the purpose of the wife's claim for alimony, no account is taken by the law (C. C. 146) of the character of the husband's defence; and that, as an order for alimony in a divorce suit is nothing more than a judicial sanction and enforcement (under abnormal conditions), through the judiciary, of the duty of the husband to support the wife, he considers it competent to proceed with the trial of the rule taken by the plaintiff in the case before him. With this return is the record in the case to which it refers; and, from this record, it appears that the plaintiff alleges that she was married to the defendant in 1876, in Charlestown, Mass.; that, in December, 1896, he abandoned her, withdrew from the common dwelling, without cause, and has since refused to live with her, or to permit her to live with him, and refuses to speak to her, or to provide for her, though he is in receipt of a large income, etc.; and that his conduct is cruel and insupportable. She prays that the Christian Woman's Exchange be assigned as her domicile during the pendency of the suit; that her husband be "summoned, according to law, to return," etc., for $250 per month *pendente lite* as alimony, and for a

judgment of separation from bed and board. The exception filed by the defendant is as follows, to-wit: "Now comes Louis P. Hart, made " defendant herein, for the sole and only purpose of excepting to the " jurisdiction of this Honorable Court, on the ground that neither he " nor the plaintiff in this case are domiciled in, or residents of, the " City of New Orleans; that he is a citizen of the State of Georgia, " with domicile and residence in the City of Savannah, Georgia, and " is only in this State temporarily, on business, and that, therefore, " this Honorable Court is without jurisdiction to determine his matri-" monial status, which is solely subject to the laws of his domicile, and " cannot entertain any suit for separation or divorce filed by his wife " against him."

It is well settled in this State, that a proceeding for the recovery of alimony cannot be maintained by a married woman against her husband as an independent proceeding, and apart from an action for separation from bed and board or divorce (Heyob vs. Her Husband, 18th Ann. 41; Moore vs. Moore, 18th Ann. 613; Holbrook ys. Holbrook, 32nd Ann. 15; Carroll vs. Carroll, 47th Ann. 1135). From which it follows that the jurisdiction of the court *a qua,* to hear and determine the rule for alimony in the case before it, is dependent upon its jurisdiction of the main action, and, as the greater includes the less, so the right secured to the defendant, by express provision of law, to withhold his answer upon the merits of the main action until the question of jurisdiction raised by him is determined, necessarily includes the right to withhold his answer upon the merits of a proceeding which is incident to, and dependant upon, such main action.

But, if this were not so, the prayer for judgment of separation and the prayer for alimony, are contained in the same petition, and the exception to jurisdiction applies to one as well as to the other. If, then, it would be incompetent for the trial judge to ignore the exception, and force the defendant to a trial upon the merits of the demand for separation, why is it not equally incompetent to ignore it, in order to force him to a trial upon the merits of the demand for alimony.

The law referred to above reads: "The defendant need not plead to " the merits, if he declines the jurisdiction of the court before which " the suit is brought." C. P. 322.

It is plain from this, that, so long as the defendant is relieved of the obligation of pleading to the merits, just so long are the merits beyond

the reach of the court, since it is not to be supposed that a defendant is excused by law from pleading to the merits, in order that he may be deprived of his defense, and that the case may be decided against him. But it is said that, excusing the defendant from pleading to the merits, by reason of his declining the jurisdiction of the court, is to be construed as meaning that he is not to be excused from pleading otherwise as occasion may require, and that the rule for alimony is a proceeding, apart from the merits, with respect to which, the court may act, and the defendant enjoys no immunity by reason of his plea to jurisdiction. We take it, however, that the reason of the law, and the law itself, are equally applicable in the one case as in the other. If the court has no jurisdiction, it ought to find it out at once, since being without jurisdiction, the only order which it could lawfully make in a case before it, would be one striking such case from its docket; and, in the case now pending in the court *a qua,* if it should turn out that there is a lack of jurisdiction in that tribunal, a judgment against the defendant decreeing a separation would not be more unlawful than a judgment for alimony. There is no more reason or authority, therefore, for proceeding in the matter of the rule for alimony before disposing of the exception to jurisdiction, than for so proceeding in the matter of the demand for separation.

The remaining question is, whether the remedy is to be found in the present proceeding, or whether the relator should resort to an appeal, which question, though not raised by the respondent judge, is suggested in the brief filed by counsel on behalf of the plaintiff in the pending suit. Assuming that, being presented in that form, it may properly be considered; it appears that an appeal, from the judgment overruling defendant's objections to being forced to a trial of the rule for alimony in the present condition of the case, has been refused. The grievance complained of, therefore, is, that, notwithstanding that he is excused by law from pleading to the merits of the case, and as we hold, from pleading to the merits of the rule, until the court shall have first determined the question of its jurisdiction; and notwithstanding that the corollary to this proposition is that the trial court is, in effect, denied the right to hear and determine matters pertaining to the merits, whether of the main case or of the rule which is the incident thereto, until it shall have determined said question, the defendant is about to

be forced into a trial upon the merits of said rule, without such action having been taken.

It is evident, then, that if he is so forced to trial, an appeal from the judgment which may be thereupon rendered will not afford relief *quoad* the grievance of which he complains. In the case of Hernandez vs. F. A. Monroe, Judge, 33 Ann. 923, to which we have been referred by counsel for the plaintiff in the instant suit, it appears that Hernandez, the defendant in a suit for separation, excepted to the jurisdiction of the Civil District Court; that the exception was regularly tried and overruled; that, thereafter, a rule was taken against him for alimony, to which he set up, by way of exception, that he had brought suit against his wife, in the Parish of St. Bernard, for divorce; that an exception filed by her to the jurisdiction of the court had been overruled, and that, hence, the Civil District Court ought to be prohibited from further proceeding with the rule for alimony pending before it. This court said *inter alia,* that the Civil District Court "was certainly " competent to pass on and decide the question of its jurisdiction of the " case, raised by the exception of domicile. It had the same right and " authority to determine this question as the court of St. Bernard had " to decide on the question of its jurisdiction of the suit between the " same parties instituted before that court. * * * As the parties " are husband and wife, and as they can have but one domicile, and " but one court—the court of that domicile—can legally entertain " jurisdiction of a suit between them of the character mentioned, it is " very evident that one suit or the other was brought before the wrong " tribunal," and it was held that the remedy *quoad* the question presented was by appeal.

It thus appears that the courts in the parishes of Orleans and St. Bernard, respectively, had both pursued the course which the relator insists should be pursued in the instant case, *i. e.,* passed upon the exceptions to their jurisdiction, before proceeding to hear and determine other matters.

It is quite true that the right of the wife to recover alimony, *pendente lite,* cannot, in the nature of things, be affected by the ultimate determination, upon its merits, of the suit, pending which, such alimony is to be allowed; but, it is also in the nature of things that she cannot recover alimony under the authority of a judgment rendered by a court without jurisdiction, and hence the defendant ought not

Guillory et als. vs. Railway Co. et als.

and as we think, cannot, be compelled, to litigate such a question until the court to which it is presented determines that the objection to its jurisdiction is not well taken.

It is, therefore, ordered, adjudged and decreed that the rule *nisi* herein issued be now made absolute and that the respondent judge be accordingly restrained and prohibited from further proceeding to hear and determine the rule for alimony now pending against the relator until he shall have first heard and determined the question of his jurisdiction presented by the exception filed by said relator.

Rehearing refused.