(53 South. 462.)

No. 18,485.

STATE v. ANDERSON.

In re ANDERSON.

(Oct. 17, 1910.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 1011*)—PROHIBITION (§ 3*)—CERTIORARI.

Certiorari was never intended as a substitute for an appeal, and the failure of the accused to file proper pleas and to take proper bills of exception in an applicable case affords no ground for relief by certiorari or prohibition.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2569; Dec. Dig. § 1011;* Prohibition, Dec. Dig. § 3.*]

T. C. Anderson was convicted of selling liquor to a delinquent child, and, a new trial being refused, applied for writs of certiorari and prohibition. Application dismissed.

Adams and Generelly, for applicant. St. Clair Adams, Dist. Atty., for the State.

LAND, J. Relator was convicted in the juvenile court of the parish of Orleans for selling intoxicating liquors to a delinquent child, and, a new trial having been refused, thereupon applied to this court for writs of certiorari and prohibition.

Relator complains that there was no evidence heard upon the trial to show him guilty of the offense charged; that the evidence shows that the child in question was not delinquent; and, further, that the sale of the liquor was made in the absence of the relator, and without his knowledge and consent, and against his positive instructions, by an unauthorized employé.

There was no plea to the jurisdiction of the juvenile court on the ground that the child in question was not a delinquent, as charged in the affidavit against the relator. It appears that the child had already been adjudged a delinquent by the juvenile court on his plea of guilty. The contention of relator is that the evidence adduced on the trial shows that the child was not a delinquent, as had been adjudged, and therefore that the court below is without jurisdiction.

The next contention of relator is that the evidence shows that he was absent from the barroom at the time of the alleged sale; that he was probably out of the city; and that said sale was without his knowledge or consent directly or indirectly. Relator complains that the judge below held that such facts did not constitute a defense to the charge in question, as shown by a copy of his written opinion annexed to relator's application.

This case is appealable to the Supreme Court on questions of law only, and it does not appear from the record that the relator has been sentenced.

The juvenile court had jurisdiction on the face of the record, and the accused, if he so desired, could have challenged the jurisdiction of the court by proper plea, and could have protected himself against an adverse ruling by a proper bill of exception.

The accused likewise had an opportunity of excepting to the rulings of the judge as announced in the written opinion handed down, and of preserving his rights by a proper bill of exception.

If the record is in such a shape that the accused cannot obtain relief on appeal, it is his fault or misfortune.

Certiorari was never intended as a substitute for an appeal.

It is therefore ordered that relator's application be dismissed, with costs.