PROYOSTY, J.
A change of venue was granted to the state in this case from the parish of Caldwell to the parish of Winn.
The clerk of court of the former parish transmitted the papers in the case to the clerk of court of the latter parish directly instead of through the medium of the sheriff, as required by section 10 of the Revised Statutes.
Along with the other papers, he transmitted a certified copy of the minutes of his court pertaining to the case. These minutes read as follows:
“June 24', 1914. The grand jurors came into court, being called and answering to their names, presented, through their foreman, the following bills of indictment, to wit:
“State of Louisiana v. D. D. Pool. No. 69.
“Charged with Murder.
# ^ * Hi Hi :¡i Hi Hi
“July 13, 1914.
“State of Louisiana v. D. D. Pool. No. 69.
“Charged with the Crime of Murder.
“■Motion for change of venue filed by the state, taken up, tried, and change of venue granted, transferring the case to the Fifth judicial district of Louisiana, parish of Winn, for trial.”
It will be noted that no mention is made in these minutes of the accused having been arraigned, nor of his having been present when the motion for the change of venue was tried.
The Revised Statutes, § 1021, as amended by Act No. 95, p: 150, of 1876, and sections 1028 and 1031, allow a change of venue to be granted only after it shall have been established “by legal and sufficient evidence, that a fair and impartial trial cannot be had in the parish where the case is pending,” and provide that “no change of venue * * * shall be awarded until the party * * * shall have been arraigned, and shall have pleaded ‘not guilty.’ ”
In Brouilette v. Judge, 45 La. Ann. 243, 12 South. 134, it was held that section 1021, as amended by the act of 1876, contemplates a trial conducted contradictorily with the accused.
On February 15, 1915, in the court of the parish of Winn, an attempt was made to arraign the accused. He objected, on the ground that the order for the change of venue was null, it having been granted ex parte, not contradictorily with the accused, and without the production of evidence.
The objection was overruled, and the accused reserved a bill of exception. lie was then arraigned, and pleaded not guilty; and the case was set for trial for February 23, 1915. The accused then summoned his witnesses for the trial, and obtained an order for the summoning of witnesses, in addition to the six which the law allows to be summoned without an order of court.
On the day thus fixed for the trial, and all being ready for the trial, the accused, instead of proceeding to trial, moved to remand the case to the court of the parish of Caldwell, for the reason that the order granting the change of venue was null; it having been granted without previous arraignment, and without the production of evidence, and without notice to him, and not after trial contradictorily with him.
In making these objections the accused relied upon the certified copy of the minutes of the court of Caldwell parish as transcribed hereinabove. The clerk of court of that par *1033 ish had, however, on the 11th of December, 1914, transmitted to the clerk of court of Winn parish a second certified copy of minutes, and this second copy showed that the accused had been arraigned.
Evidence was sought to be introduced to show that the first copy of minutes transmitted by the clerk was a correct copy of what appeared on the minute book of the court, and that the clerk had, subsequently to making this first copy, corrected the minutes by adding to them an entry showing the arraignment of the accused, and had then made and transmitted a copy of the corrected minutes.
Evidence was also sought to be introduced pro and con to show, on the one part, that the accused had been arraigned, and that the correction made by the clerk conformed with the facts, and, on the other part, that the accused had not been arraigned, and that the correction did not conform with the true facts.
■ The learned trial judge would not hear this evidence, giving as his reason that the revision of the proceedings in the Caldwell court did not come within his province. The accused reserved bills of exception to the refusal to hear this evidence. These motions, and others needless to be mentioned, having been overruled, both parties announced ready for trial; but the trial was put off for the next day, and on the next day the accused filed a plea to the jurisdiction of the court, on the grounds: First, that no order for a change of venue was ever signed by the judge of the court of Caldwell parish; and, second, that the papers in the case were not transmitted from the one court to the other through the medium of the sheriff, but directly by the clerk of the one court to the clerk of the other court.
This plea having been overruled, the accused has applied to this court for the writs of prohibition and mandamus; and that is the matter now to be considered.
In the Brouilette Case, 45 La. Ann. 243, 12 South. 134, hereinabove cited, this court held, quoting the syllabus:
“Ordinarily, in criminal cases, our supervisory jurisdiction is only exercised when there is no remedy by appeal; but, inasmuch as it cannot be determined till after trial and sentence whether this cause will be appealable or not, and as the question relates to a change of venue involving the necessity of forcing relators to meet a trial in a parish different from their domicile and subjecting the state to the expense and trouble of a vain trial, the jurisdiction is properly invoked.”
The present case, being one of murder, is clearly appealable, and we must relegate to the appeal, if ever one becomes necessary, the several questions raised by the relator.
The order nisi is therefore recalled, and the application of relator is dismissed at his cost.