(70 South. 330)

No. 21355.

BAYLE et al. v. GARDEN DIST. POTTERY CO.

In re DEMBOUN.

(Nov. 15, 1915. Rehearing Denied Dec. 13, 1915.).

*(Syllabus by Editorial Staff.)*

1. PROHIBITION ⚖═20 — PETITION — AMENDMENT AFTER DISMISSAL.

Where suit was dismissed for plaintiffs' failure to comply with an order to make bond for costs, defendant's "supplemental and amended petition," filed thereafter for certiorari and prohibition, was without efficacy, since a supplemental and amended petition in a defunct suit is a legal impossibility.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 69; Dec. Dig. ⚖═20.]

2. PROHIBITION ⚖═3—REMEDY BY APPEAL.

Where the defendant in the civil district court of the parish of Orleans requested the judge to appoint a stenographer as required by Acts 1914, No. 141, and, upon refusal, applied for prohibition to prevent the judge's going on with the case until a stenographer should have been appointed, the writ could not issue, since the trial court had jurisdiction of the case, which was an appealable one, so that the remedy was by appeal, and not by prohibition.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 4–19; Dec. Dig. ⚖═3.]

Application by A. B. Demboun for certiorari and prohibition on behalf of the Garden District Pottery Company 'in suit against it by Jules Bayle and others. Application denied.

Theo 'Cotonio, of New Orleans, for applicant. Dufour & Dufour and Ross E. Breazeale, all of New Orleans, for defendants Bayle. Porter Parker, of New Orleans (W. L. Gleason, of New Orleans, of counsel), for respondent.

PROVOSTY, J. [1, 2] Act No. 141, p. 255, of 1914 requires the judge of each one of the divisions of the civil district court of the parish of Orleans to appoint an official stenographer for his court, to be paid a salary out of the judicial expense fund, and provides that, before the trial of a case, the plaintiff and the defendant shall each pay $5 to the clerk of the court, which shall be the only charge to them for the services of said stenographer.

The judges of the said court have refused to make said appointment, for the reason that, in their opinion, said law is unconstitutional.

The defendant in this suit, though aware of this attitude of the judges, requested the judge to make the said appointment and the clerk to accept a tender of the said $5 and, having met with a double refusal, applied to this court for the writ of prohibition to the judge to prevent his going on with the case until the said appointment should have been made. Before the said application could be acted on in this court, the suit was dismissed, because of the failure of the plaintiff to comply with an order to make bond for costs. The suit whose progress was sought to be arrested having thus terminated, the proceeding in this court to prevent its going on necessarily came to an end.

Subsequently another suit was brought on the same cause of action, and the same ceremony of requesting the appointment of a stenographer was resorted to by defendant, with the same result; and then the defendant filed in this court a so-called supplemental and amended petition in the proceeding which, as just stated, had terminated. In this "supplemental and amended" petition the defendant, relator here, asks that the writs of certiorari and prohibition issue.

The prayer cannot be complied with, for two very plain reasons. A supplemental and amended petition in a defunct suit is a legal impossibility. The trial court has jurisdiction of the case, and the case is an appealable one; hence there is no occasion for the writ of prohibition, the remedy being by appeal.

The application is therefore denied, at the cost of the relator.