(70 South. 804)

No. 21372.

STATE v. POOL.

(Jan. 10, 1916. Rehearing Denied Feb. 7, 1916.)

(Syllabus by the Court.)

1. CRIMINAL LAW ⬅1023—DECISIONS APPEALABLE—MOTION TO CORRECT MINUTES.

The judgment on a motion to correct the minutes of the court is, at most, interlocutory, and no appeal lies therefrom, except that the ruling may be reviewed on an appeal from the judgment which finally disposes of the case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. ⬅ 1023.]

2. CRIMINAL LAW ⬅1023 — DECISIONS APPEALABLE—FINAL JUDGMENT.

"If final judgment has been rendered upon any indictment where the punishment of death, or imprisonment at hard labor, may be inflicted, or where a fine exceeding $300 is actually imposed, an appeal may be taken on behalf of the accused. * * *"

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. ⬅ 1023.]

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

D. D. Pool was charged with murder, and from denial of his motion to correct the minutes, he appeals. Appeal dismissed.

See, also, 70 South. 107, ante, p. 228.

Hudson, Potts, Bernstein & Sholars, of Monroe, Hundley & Hawthorn and Gus L. Alford, all of Alexandria, H. T. Hair, of Columbia, and W. M. Wallace, of Winnfield, for appellant. R. G. Pleasant, Atty. Gen., Julius T. Long, Dist. Atty., of Winnfield (John R. Hunter, of Alexandria, S. L. Richey, of Jena, C. P. Thornhill, of Columbia, E. E. Kidd, of Winnfield, and G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendant was charged with murder, said to have been committed in the parish of Caldwell, in December, 1913. In July, 1914, the state moved for a change of venue to the parish of Winn, and the case was transferred to that parish for trial. When the case was called for trial in the parish of Winn, defendant moved to remand the case to the parish of Caldwell for the reason that the order granting the change of venue was null, and that the court of Winn parish was without jurisdiction. These pleas were overruled, and the accused applied to this court for writs of prohibition and mandamus. The writs were refused on the ground that the case was an appealable one, and that the question raised might be settled on appeal, if an appeal should ever become necessary. See State v. Pool, 136 La. 1030, 68 South. 115.

The district attorney of the Thirtieth judicial district court, for the parish of Caldwell, moved to correct the minutes of that court, of date July 13, 1914, so as to show that "the accused and his counsel being present in open court, the accused was arraigned and pleaded not guilty," before the motion for a change of venue was filed by the district attorney, and the transfer of the case was ordered to the Fifth judicial district court, in and for the parish of Winn, for trial. Defendant excepted to the rule on the ground that he had already filed a plea to the jurisdiction of the Fifth judicial district court, parish of Winn, and had asked that that court remand the case, on numerous grounds, to the parish court of Caldwell, that the motion to remand had been overruled, and application had been made to the Supreme Court for writs of prohibition, certiorari, and mandamus. (It appears that that application for writs was later refused by this court on the ground: "That this matter may be reviewed in event of an appeal on the merits." See record No. 21483 on the docket of this court.)

Defendant further answered to the rule to correct the minutes, that the court of Caldwell was without authority to proceed in the matter that the minutes were correct as inscribed, and that the motion for a change of venue from Caldwell to Winn was not tried,

and that it was not sustained, and he prayed that his exception to the proceeding be sustained, and that the motion of the state to correct the minutes be denied.

Subsequently, defendant appeared in the court and alleged that the order for change of venue to the parish of Winn, July 13, 1914, had not been signed; that the motion for change of venue was filed and the order directing the same to be entered without an arraignment of the accused, or a plea of not guilty had been made by the accused to the indictment; that no testimony was offered in support of said motion for change of venue; that there was no contradictory hearing on the motion; and that the order of the court directing the change of venue to the parish of Winn was not based upon any evidence, or sufficient evidence, to convince the court of the impossibility of a fair and impartial trial being had in the parish of Caldwell, as was required by law; and he asked that a new trial be granted him upon the motion filed by the state for a change of venue; and, in the alternative, he asked that the order directing a change of venue be annulled, revoked, and recalled.

Defendant moved that the motion by the district attorney to correct the minutes and the motion for a new trial by the defendant be consolidated and tried together. This motion to consolidate was overruled. The plea to the jurisdiction of the court of Caldwell to correct its minutes was overruled. The motion to correct the minutes was then tried; the rule was made absolute, and the minutes were ordered corrected, so as to read:

"The accused and his counsel being present in open court, the accused was arraigned and pleaded not guilty. A motion was then filed by the district attorney for a change of venue in said cause, which motion was taken up, tried, and sustained, and the case was ordered to be transferred to the fifth judicial district in and for the parish of Winn, for trial; the accused and his counsel being present in open court."

The demand of the defendant to correct the minutes as set forth in his answer and alternative prayer was rejected. From this judgment defendant has taken the appeal, which is now presented in this case for consideration.

[1, 2] In the meanwhile, the district attorney of Winn parish ruled defendant to show cause why the certified copy of the minutes of the Caldwell court, as corrected, should not be received as part of the record in the case. The rule was made absolute, and an appeal therefrom to this court was dismissed, in the suit No. 21539 on the docket of this court, 70 South. 107, ante, p. 228.

This court held, in the opinion just mentioned, that a judgment on a motion to change the venue was interlocutory, since, if the motion was denied, the trial could be proceeded with in the court of original jursidiction, and, if it was granted, the case would be transferred to another court, to be there proceeded with, and, in either event, the case would be finally disposed of by judgment, and that the judgment on said motion to change venue being interlocutory, no appeal could be taken therefrom, save as would be included in the appeal from the final judgment in the case. In the course of that opinion, in the case entitled State of Louisiana v. D. D. Pool, against this same defendant, the law with reference to appeals from interlocutory orders and decrees was fully set forth. It was therein held that an appeal would lie only after sentence.

The ruling in this case, to the effect that the minutes of the court of Caldwell parish should be corrected so as to show that defendant was arraigned and pleaded not guilty prior to the order being entered for a change of venue from Caldwell to Winn parish, is interlocutory in its nature, and does not work defendant an irreparable injury. This finding may be reviewed on appeal, if an appeal should ever be taken by the accused.

The motion of the state to dismiss this appeal is sustained, for the reasons set forth

in this same case, No. 21539 on the docket of the court (70 South. 107, ante, p. 228).

It is ordered, adjudged, and decreed that the appeal herein be dismissed.