SIMPSON J. KING

    VS.                                    No. 7673.

EDMUND F. LAMBERT.

June 27th, 1919.

CHARLES F. CLAIBORNE, JUDGE.

Under the authority of Act 16 of 1886 p. 24, plaintiff sued the defendant in the Parish of St. John the Baptist for the price of a lot of peas sold by plaintiff to defendant, Defendant alleged that the defendant was domiciled in the Parish of Livingston, but that the peas were supplies furnished to a plantation situated in the Parish of St. John the Baptist cultivated by the defendant for his own account. The peas were sequestered under a writ subsequently issued addressed to the Sheriff of the Parish of Orleans where the peas are in storage. The Sheriff of this Parish now has them in his possession.

The defendant excepted to the jurisdiction of the Court alleging that he was not the owner of the plantation for which the peas had been purchased, nor was he cultivating the plantation for his own account, but that the plantation was the property of his wife, and that he was cultivating it for her account, and that the peas had been bought by him as the agent of his wife and as such managing the plantation;- that he was not domiciled in the Parish of St. John the Baptist, but that he was domiciled in the Parish of Livingston, and he therefore pleaded commorancy.

The District Judge referred the exception to the merits. Subsequently he ordered the Sheriff to sell the peas as perishable under Article Code of Practice 261 and Act 94 of 1900 p. 151. The Sheriff has advertised the peas for sale and he will proceed with the sale unless restrained by this Court.

The defendant thereupon prayed for a Prohibition forbidding the plaintiff and the Judge of the District Court from proceeding any further in this matter and for a decree setting aside the order of sale and enjoining the Sheriff from making the sale.

Act 16 of 1886 p. 24 reads as follows:

"That parties holding claims against any citizen

of this State for labor performed, or for supplies or material furnished, or for improvements made upon any farm or plantation, or real estate, are hereby authorized to institute suit for the recovery of such claims before any competent court having territorial jurisdiction of the property, whether the owner be domiciled or not in the parish where the property is situated".

The judgment of a Court refusing to maintain a plea to its jurisdiction is subject to review on appeal from the final judgment on the merits. The jurisprudence is that in ordinary cases where there is a remedy by appeal, prohibition will not issue. 4 A., 11; 11 A., 696; 15 A., 34; 8 A., 92; 21 A., 123; 25 A., 381; 27 A., 158; 32 A., 1092; 1182; 33 A., 923; 39 A., 132; 40 A., 838; 42 A., 1182; 43 A., 380; 44 A., 298, 567, 1102; 45 A., 243, 943, 1322; 47 A., 1602; 48 A., 27, 1348; 49 A., 1454, 1211; 50 A., 19; 112 La., 429; 113 A., 1; 115 La., 615, 471; 119 La., 468; 122 La., 83 (86); 134 La., 944; 127 La., 116; 128 La., 836; 131 La., 367; 134 La., 348; 135 La., 973; 571; 136 La., 1030; 138 La., 371; 139 La., 643, 983; 140 La., 363; High Ex. Rem. § 765.770.771.

But an exception has been made of late where want of jurisdiction has been pleaded and overruled. Then a Prohibition may issue in order that the parties might not be put to the trouble and expense of a long litigation which might be of no avail. 45 A., 243; 104 La., 6; 129 La.; 495; 135 La., 571 (577); 140 La., 366.

The ruling referring the exception to the merits was tantamount to a dismissal in so far as the reasons for granting a Prohibition were concerned; for it forces the defendant to a trial of the case, and thus puts him to the trouble and expense intended to be avoided by the Prohibition, and justifies us in examining relator's right to the writ.

The authorities are that where the allegations of the petition show a prima facie case of jurisdiction the writ will not issue. 11 A., 187; 13 A., 89; 20 A., 239; 29 A., 360; High on Ex. Rem. § 780.

Prohibition will not issue when the very question of fact on which the application is grounded is denied. 10 R., 169;

608

35 A., 1110; High on Ex Rem.§788.

risdiction under the Act of 1886. The question of jurisdiction depends upon the fact whether the defendant was managing the plantation for his own account or for account of his wife. If for his own account, the Court had jurisdiction; if for account of his wife, it might not have it, and because she was not made a defendant and no judgment was asked against her. The determination of those questions of law and fact involved the merits of the case, and the District Judge was correct therefore in referring the exception to the merits.

Besides, the Prohibition is not a writ of right; it is within the sound discretion of the tribunal to which the application is made. The party who applies for it must satisfy the Court that he has no other adequate remedy to vindicate his legal rights. 19 La., 167;(173), 183; 21 A., 123; 27 A., 336; 26 A., 146; 32 A., 1182 (1186); 33 A., 923, 1285; 35 A., 538; 44 A., 298 (301); 45 A., 943; 115 La., 471; 117 La., 643; 122 La, 46.

Relator has not explained to our satisfaction how his interests or those of the plaintiff can be promoted by arresting the sale of the peas by the Sheriff, or how they can be injuriously affected by the order of the District Court directing the sale. But we can easily see how much damage may ensue by arresting the sale. To set aside the order of sale means that the peas will continue in storage during the coming hot months for an indefinite time, perhaps to be eaten there by weevils and certainly to be absorbed by the storage charges. It is our duty to protect the interests of all parties and to minimize the loss.

It is therefore ordered that the application for a Prohibition be denied.

June 27th, 1919.