## ROULO v. VALCOUR.

A city ordinance is to be proved by evidence addressed to the court, and not to the jury.

Amendments in a matter used as evidence in the cause, where they are not of a nature to affect the finding of the jury, may be made after verdict, and judgment then rendered upon the verdict.

TRESPASS, for an assault and false imprisonment. Plea, the general issue, with a brief statement justifying, as a police officer of the city of Nashua, arresting the plaintiff on view of an offence committed by him. The plaintiff excepted to the ruling of the court, admitting in evidence an ordinance of the city relating to police offences, on the ground that the brief statement did not specially set out the ordinance. Verdict for the defendant.

*Sawyer & Sawyer, Jr.*, and *Cutter*, for the plaintiff.

*Stevens & Parker*, for the defendant.

FOSTER, J. In a criminal case, if the offence can be fully and plainly, substantially and formally, described without the recital of a special statute, by-law, or ordinance, the recital is by statute declared unnecessary. Gen. St., *c.* 242. *s.* 10. But of the validity of such a rule, in civil or criminal proceedings, we need not in this case inquire. We should not be justified in wasting, upon an unnecessary and barren question of pleading, the time that is needed for the consideration of subjects of some importance. When such a question can be readily avoided by an amendment, an amendment may be ordered. *McDuffee* v. *P. & R. R. R.*, 52 N. H. 430, 459. And that is the proper course to be taken in this case.

The ordinance, like a foreign law, is to be proved by evidence addressed to the court, and not to the jury. *Hall* v. *Costello*, 48 N. H. 176, 179. The brief statement may be so amended as to properly set out the substance of the ordinance, and the ordinance may be proved at the trial term without disturbing the verdict. *Whittier* v. *Varney*, 10 N. H. 291, 304; *Stevenson* v. *Mudgett*, *ib.* 338, 343; *Blake* v. *Sturtevant*, 12 N. H. 567, 573; *West* v. *Meserve*, 17 N. H. 432; *Jaquith* v. *Putney*, 48 N. H. 138, 141; *McKean* v. *Cutler*, *ib.* 370, 376; *Janvrin* v. *Fogg*, 49 N. H. 341, 357; *Bannon* v. *Angier*, 2 Allen 128; *Armstrong* v. *Percy*, 5 Wend. 535; *Williams* v. *Wood*, 14 Wend. 126; *Murphy* v. *Stewart*, 2 How. 263. This is an application of the rule, that an error in a trial is corrected on a new trial of so much of the case as it is necessary to re-try in order to correct the error.

The amendment being made, and the ordinance proved at the trial term, there will be

*Judgment on the verdict.*

STANLEY, J., did not sit.