HILLSBOROUGH, JUNE, 1879.

## O'Connor *v.* Bucklin.

An officer, having in his legal custody a prisoner arrested for a violation of the criminal law, may make sufficient search of his person to ascertain if he has money or other articles of value, by means of which, if left in his possession, he might obtain tools, implements, or weapons with which to effect his escape. If such are found, the officer may take and hold them until they can be safely returned, or otherwise properly disposed of, if in good faith he believes such course necessary for his own or the public safety, or the safe keeping of the prisoner.

A police officer, acting in good faith, may, without a warrant therefore, arrest an offender upon view of any crime or breach of the peace or offence against a municipal ordinance.

Under *s.* 3, *c.* 254, Gen. Laws, an officer without a warrant, in good faith, and for a proper purpose, may make an arrest upon view of such acts as show a reasonable ground of arrest.

A juror is not disqualified by the fact that counsel in the case on trial is the prosecuting officer of the city in which the juror resides, and is paid for his services by the city.

Trespass, for assault and battery and false imprisonment. Plea, the general issue, with a brief statement as follows: "At the time and place of the alleged trespass, the defendant was a police officer, duly qualified, of the city of Manchester, and whatever he did in the premises he did while on duty as such officer, and in the discharge of his duties as such officer; that he then and there arrested the plaintiff for and while violating *s.* 10, *c.* 7, of the ordinances of said city, passed December 22, 1876, and used no more force than was necessary to make such arrest." The plaintiff moved to reject the brief statement as insufficient. Motion denied, and the plaintiff excepted.

The plaintiff objected that jurors residing in Manchester were not competent to sit on the trial, because the ordinances make it the duty of the city solicitor " to appear in defence in all actions and suits brought against the city, or its officers in their official capacity, wherein the rights, estate, privileges, ordinances, or acts of the city, or any violation thereof, may be brought in question before any court in this state."

The evidence tended to show that the defendant, while in the discharge of his duty as a police officer, arrested the plaintiff on view of an offence, and committed him to the common bridewell,

where he was detained for the space of two hours, when he was discharged on his promise to appear before the police court of Manchester on the Monday morning following. The plaintiff appeared according to his promise, but no complaint was made against him.

The plaintiff introduced evidence tending to show an abuse of authority in searching and taking from him his money, by the defendant, after the plaintiff was arrested. All the property taken from the plaintiff was returned to him before the commencement of this suit.

On the questions whether the plaintiff was guilty of any offence, and whether the defendant abused his authority, the evidence was conflicting; and on this latter question the court instructed the jury in substance as follows: The officer may make sufficient search, to ascertain whether the prisoner has in his possession anything by which he may be able to effect his escape, and if he finds in his possession money or other articles of value, by means of which, if left in his possession, he may obtain tools, or implements, or weapons with which to effect his escape, they may be taken from him; that if in so doing the officer acts in good faith, and from a regard for his own or the public safety, or the security of his prisoner, he would not be liable as a trespasser; that in this case it was for the jury, on all the evidence, to determine whether the search and seizure of the property was reasonable and proper and justifiable, or whether it was in bad faith and unreasonable, and for an improper or unjustifiable purpose.

As to whether the officer was justified in making the arrest of the plaintiff at the time when he did, the court instructed the jury that if the plaintiff was violating any law or ordinance of the city at the time he was arrested, the defendant was justified in making the arrest without a warrant; that officers making arrests under such circumstances were often called upon to act promptly, without any opportunity to take advice or to investigate all the facts, and in cases of doubt and uncertainty, and where the interests and safety of the public were involved, they were not bound to determine at their peril whether the arrest was justifiable; that if they acted in good faith, and with reasonable caution and prudence, they were not answerable; that if, in this case, the defendant honestly believed that the plaintiff was violating the law, and from what he saw was warranted, as a reasonable man, in so believing, and if he made the arrest in good faith, and from no malicious motives and from no desire to injure the plaintiff, he would not be liable, even though they might find, from all the evidence, that the plaintiff was not at the time of his arrest guilty of any violation of law. To these instructions the plaintiff excepted.

Verdict for the defendant.

*H. S. Clark* and *Stevens*, for the plaintiff.

*Patten* and *Sulloway & Topliff*, for the defendant.

FOSTER, J.   The instructions of the court to the jury concerning the alleged abuse of the defendant's authority in searching the plaintiff, and taking from him his money, were correct.   *Closson* v. *Morrison*, 47 N. H. 482; *Fogg* v. *Worster*, 49 N. H. 503.

"Any officer, upon view of any crime or breach of the peace or offence against the police of towns, may arrest the offender, and forthwith carry him before the proper court or justice to answer for the offence."   G. L., *c.* 254, *s.* 3.   By the construction established by long and uniform understanding and practice, this statute authorizes an arrest by any officer on view of any criminal offence for which the offender is liable to arrest on a warrant. And, by the construction established in the same manner, the statute reënacts the common-law rule of this state, which authorizes an arrest by an officer, without a warrant, in good faith, for a proper purpose, and on reasonable grounds.   On some subjects of this nature, by long usage and common consent, in this state, some of the rules of the common law of England have been modified, and reasonably conformed to the public safety and welfare. *Waldren* v. *Berry*, 51 N. H. 136.   The view spoken of in the statute is such a view as shows legal cause for an arrest, and reasonable ground to believe the plaintiff guilty of a criminal offence was legal cause for the defendant's obtaining a warrant against him, or arresting him without a warrant.

A maniac, not responsible for his violence, who knocks down a man in the street without provocation or warning, commits no criminal offence.   In no legal sense does he violate the criminal law; but a policeman who arrests him on view of that act, without a warrant, is not a trespasser, even if he is aware of the assailant's innocence.   Any one not an officer could make the arrest for the protection of the community.   Every member of the community has a right to do what is reasonably necessary for the protection of himself and others against apparent danger.   Two men in close proximity are aiming fire-arms at each other.   A policeman coming suddenly upon them in that attitude strikes down their weapons, and arrests them both without a warrant, not knowing that one of them is innocent, because he is acting in self-defence.   The officer is not a trespasser.   He would be unfit to perform the duties of his office if he did not act energetically and instantaneously upon the ocular evidence of apparent danger.   He cannot be allowed to wait till the apparently mutual assault has ended in the death of the parties, for the purpose of instituting a judicial inquiry into the real merits of the case.   The safety of society requires him to act upon the apparent state of things, and to act with alacrity. The statute was not intended to disable the police, and deprive the community of its rightful protection, by deterring officers from the performance of their apparent duty.   It means, not that an officer

commits a trespass by arresting an innocent but dangerous insane person, or an innocent person apparently guilty, but that the officer's view may, like other sources of information, furnish reasonable ground to believe an arrest ought to be made.

No question is raised about the defendant's duty to carry the plaintiff before a magistrate. *Crowley* v. *Hurd*, 58 N. H. 75.

It does not appear from the case upon what grounds the plaintiff objected to the brief statement. If they were that the substance of the city ordinance was not sufficiently disclosed by mere designation of its chapter and section, the defect may be cured by amendment, after verdict, by evidence addressed to the court. *Roulo* v. *Valcour*, 58 N. H. 347, and cases cited.

The objection to the competency of certain jurors cannot be sustained. They may have been taxed with other citizens on account of the city solicitor's salary, but such taxation was not a voluntary act on the part of the jurors, like the personal employment of counsel. It was a burden of taxation imposed involuntarily because of their residence. The Manchester jurors had no disqualifying interest in the cause, and there is no suggestion that they were affected by any feeling or prejudice. If they were disqualified, all payers of state and county taxes would be disqualified as jurors in criminal cases, and in all civil cases in which the state or county is a party.

When the brief statement is amended, and the ordinance proved at the trial term, there will be judgment on the verdict.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.