## COLE *v.* BOARDMAN.

Evidence that the defendant, for several years after a note signed by him became due, had property upon which its payment might have been secured by attachment, is not admissible to show that it has been paid.

Evidence that a firm, of which the plaintiff is a member, has brought suits against the defendant in another jurisdiction, upon which all his property in that jurisdiction was attached, is not admissible to show that a suit by the plaintiff in this state for a different cause of action is not brought in good faith.

ASSUMPSIT, upon two promissory notes, given by the defendant to the plaintiff, dated May 12, 1872. The defence was, that the notes were fully paid in 1875 by sixty-two shares of stock in the Swaine Turbine and Manufacturing Company, which the plaintiff had before that time held as collateral security for the notes. There was no written assignment of the shares, except as collateral; and upon the question whether the plaintiff agreed to take them absolutely in payment of the notes, the evidence was conflicting.

Subject to exception by the plaintiff, the defendant was permitted to show, by oral testimony, that at the time the notes were given, and for a long time afterwards, he had property subject to attachment, from which the notes might have been collected.

The defendant claimed that this suit was not brought in good faith, but to annoy and injure the defendant, and compel him to satisfy large claims of creditors of the company now in suit in Massachusetts; and as bearing upon this question, subject to the plaintiff's exception, the defendant was permitted to testify that Cole & Nichols, a partnership of which the plaintiff is a member, and others with them, had, before this action was commenced, brought suits, now pending in Massachusetts, against him for contribution upon notes against the S. T. & M. Co., endorsed by the defendant, Cole & Nichols, and others, plaintiffs, who had paid or assumed the notes; and all the defendant's property in Massachusetts, including his credits in the hands of debtors, had been attached upon the writs in those suits. Also, to put in evidence the record of a judgment, with accompanying papers, in favor of Cole & Nichols against the S. T. & M. Co., rendered in this county at the September term, 1882, for $1,235.08, on account of money expended for the corporation. Also the writ, docket entry, and specification in an action *Cole & Nichols* v. *Boardman*, brought in August, 1882, and now pending in this county. Verdict for the defendant, which the plaintiff moves to set aside for error in the above rulings.

*G. B. French* and *C. H. Burns*, for the plaintiff.

*Copeland & Jones,* for the defendant.

SMITH, J.   Evidence that the plaintiff's firm and other creditors of the defendant brought suits against him in Massachusetts, still pending, had no tendency to show that the present suit was not brought in good faith, or was brought for the purpose of oppression.   No evidence is reported tending to show that the Massachusetts suits were not properly brought, nor that the claims of the plaintiffs in those suits are not valid claims against the defendant. There is no presumption that the suits were brought to oppress the defendant, or were not brought in good faith.   Fraud is never presumed.   Indeed, the case finds that the plaintiffs in those suits paid or assumed the notes which had been endorsed by themselves and the defendant.   It is not shown that the Massachusetts suits have any connection with the question of payment in issue in this suit.   The mere fact that the plaintiff's firm and other parties sued the defendant in Massachusetts does not tend to show that the plaintiff wrongfully sued him in this state.   The mere employment of legal process for the collection of debts or for the enforcement of rights is not legal oppression.

Mr. Justice Stephen defines logical relevancy as follows: Two facts are said to be relevant to each other when so related "that, according to the common course of events, one, either taken by itself or in connection with other facts, proves or renders probable the past, present, or future existence or non-existence of the other." Stephen Dig. Ev., art. 1.   Legal relevancy includes logical relevancy, and requires a higher standard of evidentiary force.   A fact logically relevant may be rejected, if, in the opinion of the judge and under the circumstances of the case, it be considered essentially misleading or too remote.   Best Ev. (Chamberlayne's), s. 251, n. 1.   Without the fact's being shown, the jury were asked to presume that the Massachusetts suits were unjust and oppressive, and from that presumed fact to further presume that this suit is unjust and oppressive.   This would be an inference from an unauthorized inference,—one presumption resting on another that rests on nothing.   The law of evidence requires an open, visible connection between the principal and evidentiary facts and the deductions from them, and does not permit a decision to be made on groundless inferences.   *United States* v. *Ross,* 92 U. S. 281, 283, 284; Best Ev. (Chamberlayne's), s. 90.   Starkie lays down the rule thus: "In the first place, as the very foundation of indirect evidence is the establishment of one or more facts from which the inference is sought to be made, the law requires that the latter should be established by direct evidence as if they were the very facts in issue."   Starkie Ev. 80.   Tested by these rules, the evidence excepted to had no relevancy to establish the fact of bad faith in the bringing of this suit, or to establish the fact of payment.

These remarks equally apply to the evidence introduced in regard to the pendency of the suit brought by the plaintiff's firm against the defendant in this state, to the granting of the injunction against prosecuting that suit until the equity suit in Massachusetts can be tried, and to the judgment obtained by the plaintiff's firm against the Swaine Turbine and Manufacturing Company. It is not shown that the judgment was collusive or fraudulent, or that the suit was brought for an improper purpose, or that the claims sued in the suit of Cole & Nichols are not honest claims, justly due. When a plaintiff splits his cause of action and brings more suits than are necessary, the court may prevent injustice by consolidating the suits, or by adjusting the matter of costs. But the fact that a plaintiff brings two suits when his whole case can be tried in one with justice to both parties, has never been deemed a defence to either suit; and it does not appear that this suit could have been consolidated with any other suit.

Evidence in support of the claim of bad faith and oppression, if competent, was competent only as it tended to support the defence of payment. The validity of the notes was not questioned. The defendant admitted that they were valid notes founded upon a good consideration, but asserted that they had been paid; and upon this point the testimony was conflicting. If the jury should find that the plaintiff was bringing fictitious suits against the defendant, or even valid suits for improper purposes, that fact might affect the weight the jury would give his testimony upon the issue of payment. But the defendant having wholly failed to show that the other suits were fraudulent, or brought for oppressive or other improper purposes, the evidence had no tendency to prove that the present suit is prosecuted in bad faith, or is oppressive, or to prove payment.

It may be said of all this evidence that it was immaterial; but it must be quite apparent that the evidence was well calculated to mislead and prejudice the jury in favor of the defendant, and the plaintiff is entitled to a new trial. *Winkley* v. *Foye*, 28 N. H. 518— *S. C.*, 33 N. H. 171; *Cook* v. *Brown*, 34 N. H. 460; *Center* v. *Center*, 38 N. H. 318; *Perley* v. *Marshall*, 57 N. H. 206; *Martin* v. *Towle*, 59 N. H. 31; *Winship* v. *Enfield*, 42 N. H. 197. In *Boyce* v. *Cheshire R. R.*, 42 N. H. 97, 100, it was held that evidence is not immaterial, when it is calculated to prejudice the party objecting to its reception, and against whom it is offered, although it relate to matters in themselves immaterial and irrelevant to the question in controversy. The denial of the plaintiff's motion at the trial term to set aside the verdict could not have been a finding of the fact that the evidence did not prejudice the jury. It was introduced to convince the jury that the suit was brought in bad faith, and to annoy and injure the defendant, and to compel him to satisfy large claims of creditors of the company in suits pending in Massachusetts. As the evidence proved to be

immaterial, the least that the defendant could have done would have been to move to strike it out, with instructions to the jury to disregard it; and it is quite improbable that even then the poison would have been extracted. It is probable that this evidence was pressed by the defendant upon the attention of the jury, and that they were influenced by it. The case does not show that the plaintiff excepted to the denial of his motion, or waived his objections to the admission of the incompetent evidence. The fairness of a trial is often a question of fact to be determined at the trial term. But this evidence having been admitted as competent, we infer that the plaintiff's motion, so far as it was based on the prejudicial character of the evidence, was denied on the ground that the evidence, being incompetent, was legally prejudicial. If we misunderstand the reserved case, or if it is not sufficiently full to present a correct view of this point, it can easily be amended. A failure of justice cannot be attributed to our simple and convenient methods of procedure. If the true rule allows a new trial, for the admission of incompetent or the rejection of competent evidence, only when it affirmatively appears as a fact that the error affected the result in violation of substantial justice, this verdict cannot stand upon the account of the trial given by the record in its present form. While the fact is found that the verdict cannot be set aside as against the evidence (*Fuller* v. *Bailey*, 58 N. H. 71), it clearly appears that the plaintiff did not have a fair trial.

Some of the evidence excepted to was also inadmissible, because it was secondary.

It does not appear how the defendant's ownership of attachable property, during the time the notes remained unpaid, tended to prove payment. Whether such ownership as there was after the time of alleged payment, if properly proved, would be entitled to consideration, is a question on which we express no opinion.

*Exceptions sustained.*

ALLEN, J., did not sit: the others concurred.