Hillsborough, ⎱
June, 1895.  ⎰

68  331
72  331
72  370

## TYLER, *Adm'x, v.* CONCORD & MONTREAL RAILROAD.

In an action for causing the death of a pedestrian at a grade crossing, evidence that notice given of an approaching train resembled annoying conduct to which the deceased had been subjected at the same place on previous occasions, is admissible as tending to show that the warning was misinterpreted, and not disregarded.

CASE, for negligently causing the death of William H. Tyler, the plaintiff's intestate, by running upon him with a locomotive at a grade crossing in Manchester. Trial by jury. Verdict for the defendants.

The plaintiff's evidence tended to prove the following facts: Tyler was seventy-five years old, somewhat feeble, and very deaf. About five o'clock in the afternoon of January 18, 1892, he left the shop where he was employed, for his home. He passed over a canal bridge immediately west of the crossing as a train was approaching from the station to the south, and walked toward the tracks. Some boys standing by hooted at Tyler, and one or more of them ran up to him and pulled his coat tails. Tyler turned slightly, raised his cane but did not strike, and continued across the tracks. The boys then started forward and caught him, as if to pull him back; but he struggled with them, broke away, stepped between the rails of the easterly track, was struck by the locomotive, and injured.

According to the defendants' evidence, only two boys were present, and there was no hooting nor pulling at Tyler's coat, except for the purpose of warning him of the approaching train. Smith, one of the boys, grasped him by the arm and told him the train was coming. Tyler pulled away and stepped upon the track in front of the locomotive.

In the cross-examination of Smith, the plaintiff proposed to ask him if other boys on previous occasions had interfered with Tyler at this crossing, and had bothered him by pulling his coat tails and by talking to him. This evidence was excluded, and the plaintiff excepted. The plaintiff also offered to show that at the same hour on the five days previous to the accident boys had annoyed Tyler at the same crossing, and that he had attempted to use his cane upon them. The evidence was excluded, and the plaintiff excepted.

*Sulloway & Topliff*, for the plaintiff.

*Frank S. Streeter* and *Joseph W. Fellows*, for the defendants.

CLARK, J.   The evidence that boys about the crossing inter-
fered with Tyler, told him that a train was coming, and endeav-
ored to restrain him from going upon the tracks, was offered by
the defendants for the purpose of showing that he was season-
ably warned of the impending danger.   It was competent upon
the question of Tyler's negligence, and, if unexplained, tended
to show such want of care on his part as might have defeated
a recovery by the plaintiff.   If, however, Tyler for any reason
did not hear or understand the warning given him, his failure to
act upon it would not be evidence of negligence; and the ques-
tion whether. he did hear and understand was material.   The
plaintiff proposed to ask a witness called by the defendants if
other boys on previous occasions had interfered with Tyler at
the same crossing, and offered to show by her own witnesses
that at the same hour on the five days previous to the accident
boys had annoyed him, and he had attempted to cane them.
This was evidence tending to show that the effort to warn Tyler
was ineffectual because it was misunderstood; that Tyler, who
might be excused on account of his deafness for not hearing the
language addressed to him, interpreted the actions of the boys
to be a repetition of the annoyances to which he had been sub-
jected at the same hour and place on previous days, and that
this was natural and reasonable under the circumstances; that
the attempted warning only served to distract Tyler's attention
from the approaching train, which he might otherwise have
avoided.   Evidence of the conduct of boys toward Tyler on the
five evenings previous to that of the accident should have been
admitted in order that the jury might properly determine
whether Tyler's failure to act upon the warning given him was,
under all the circumstances, negligent.

It frequently becomes the duty of a trial justice to exclude
evidence on the ground of remoteness and for similar reasons,
in which case the question is decided as one of fact, and the
admission or rejection of the evidence offered furnishes no
ground for exception.   But in this case the excluded evidence
was neither remote nor collateral.   It bore directly upon a ma-
terial question — that of Tyler's care — and should have been
admitted.

*Exceptions sustained.*

CHASE and WALLACE, JJ., did not sit: the others concurred.