Merrimack,  
June, 1898.

### STATE (*ex rel.* BARTLETT *& a.*) *v.* DAVIS *& a.*

The rules of the United States internal revenue department may be proved as foreign laws are.

Declarations of intent are admissible to prove the design of subsequent acts.

PETITION, against Davis as landlord and Bailey as tenant, for the abatement of a liquor nuisance.

*William H. Sawyer* and *Albin, Martin & Howe*, for the state.

*John M. Mitchell* and *Streeter, Walker & Hollis*, for the defendants.

PEASLEE, J.  Subject to the defendants' exception, one Gladding testified that the letters "R. L. D.," found upon the records of the United States internal revenue office at Portsmouth, stand for retail liquor dealer.  His only source of information was a printed circular, purporting to be an extract from the rules of the internal revenue department, which he received from one Goodell, who, so far as appears, was not an officer of or connected with the internal revenue service.

The rules of the department are promulgated by the commissioner of internal revenue, by virtue of authority given to him by congress (U. S. R. S., s. 3240), and have, to some extent, the same qualities as statute law.  *United States* v. *Eaton*, 144 U. S. 677, 688.  No good reason appears why proof of them may not be made in like manner as the laws of foreign states are proved.

It is admitted that the fact testified to, that is, that the letters signify retail liquor dealer, was competent evidence, the objection being that the witness did not have sufficient knowledge of the fact.  In the proof of foreign laws, " the testimony of any person, whether a professed lawyer or not, who appears to the court to

be well informed on the point, is competent." *Hall* v. *Costello*, 48 N. H. 176, 179; *Pickard* v. *Bailey*, 26 N. H. 152. In *Hall* v. *Costello*, a New Hampshire attorney was permitted to testify to the statute law of Great Britain, the source of his knowledge being statements made to him by reputable attorneys in Sherbrooke. It was held that the testimony was properly admitted because the information came " from authentic and well informed sources." It will be observed that the sources of information were not official. They were simply such as would be relied upon by people in general, without regard to technical rules.

So in this case, the witness obtained his information from a document, purporting to be a government publication, given to him by a reputable citizen. The question of the competency of the witness was for the trial court, and, since there was evidence before the court from which it might be found that the witness was competent, the finding is not open to revision here.

Subject to the defendants' exception, the following letter, dated Rockland, Me., March 27, 1895, from the defendant Bailey to a real estate broker in this state, was introduced in evidence:

" I was intending to go see the Bradford property, but judging from Mr. Marshall's letter, the people are too good in Bradford for me to think of going there, for I would not take the gift of any hotel if I could not run a bar. I have lived in hotels all my life and I know that a hotel must be provided with what people want, and a larger part of travelers want liquor at times, and will go to hotels where they can get it. One reason I want to leave Maine for is on account of our liquor law. I don't use it myself, but when I take a house it must be in some place where I can give my company what they want. I haven't found anything yet that comes up to my idea, but hope to before the summer trade opens up. If you learn of anything that you think would be what I want, would like to hear from you."

One charge against Bailey was that he kept liquor for sale, that is, with intent to sell if. In this letter he declares his intention to sell liquor in the hotel which he is looking for. The evidence is similar to that of Fowler and others, in *State* v. *Lapage*, 57 N. H. 245, 287, which went to show that Lapage's conduct and conversation as to young women in general indicated an intent to commit rape when he should find opportunity. The ground upon which the evidence of his former crimes was excluded was that it showed neither motive nor intent. *Ib.* 304. Not showing motive or intent, it fell within the general rule that one crime cannot be proved by evidence of the commission by the respondent of other crimes of a like character. In the present case the defendant, about a year and nine months before the time when it is alleged he committed the offence, said

that a hotel which was offered to him would not do because he could not sell liquor there, that any hotel he took must be where he could sell, and that he hoped to find such a place before the season opened. Shortly after this he began business in the place complained of.

There is in this statement no evidence of former crimes, but if there was it would still be admissible. The fact that evidence discloses the commission of former crimes does not render it inadmissible, if it tends to prove some fact material to the case on trial. *State* v. *Palmer*, 65 N. H. 216, 218.

It is suggested that the letter only shows a general intent, and so is inadmissible, being only evidence of a tendency to commit crime. But the letter shows something beyond a general intent to sell liquor. It declares his intent to sell it in the hotel which he shall hire. This brings it within the rule laid down in *State* v. *Lapage.* As the evidence in that case was admissible on the ground that it " tended to show that the respondent was forming in his mind a plot to commit the crime upon some one in the vicinity," so this letter discloses a plan to commit the crime in some hotel in this state. It was an admission of Bailey's intention to sell liquor in the hotel which he should hire, and directly tended to prove the intent with which he subsequently kept liquors therein.

The conversation between Cutting and the defendant Davis, in 1894, when Davis told Cutting that if he took the hotel he would have to sell liquor, or words to that effect, was evidence that at that time the landlord desired that his property should be used for such sale, or considered such use necessary to make the business of the hotel a success. This tended to prove that when his hotel was thereafter used for that purpose he was not honestly ignorant of the fact.

Whether this conversation and the letter of Bailey before referred to were too remote in time from the date on which the offence was charged, were questions of fact to be decided by the presiding justice. *State* v. *Collins*, 68 N. H. 299; *Morrill* v. *Warner*, 66 N. H. 572, and cases cited.

The other exceptions, not having been urged at the hearing, have not been considered.

*Exceptions overruled.*

PIKE, J., did not sit: the others concurred.