Belknap,  
Feb. 6, 1923.

### HUGH A. SIMPSON v. GIDEON GILBERT.

Though the extent to which collateral questions may on cross-examination be inquired into is a question of fact for the trial court and the admission or exclusion of evidence relevant thereto is not open to exception, the license of cross-examination does not authorize a party to prove in that way matters improper to be proved at all.

On the issue whether the servant of the plaintiff operated an automobile negligently, the fact that the plaintiff himself had on a prior occasion while driving a car had a collision with another car is immaterial, and the admission of evidence thereof is ground for a new trial.

ACTION, to recover for personal injuries received in an automobile collision. Trial by jury and verdict for the defendant. At the time of the collision the car in which the plaintiff was riding belonged to him but was then being driven by a Dr. Brown. Subject to exception the defendant upon cross-examination of the plaintiff was permitted to show by him that some months before, a car driven by

the plaintiff had been in collision with another car. The plaintiff's bill setting forth this exception was allowed by *Kivel*, C. J., at the March term, 1921, of the superior court.

*Owen & Veazey* (*Mr. Owen* orally), for the plaintiff.

*Jewett & Jewett* (*Mr. Theo S. Jewett* orally), for the defendant.

PARSONS, C. J. The fact that the plaintiff had previously while driving a car had a collision with another car was not relevant to any issue in the case. The plaintiff was not driving and his skill as a driver was not in issue if the fact of his prior experience would have been competent on that question. It is not contended the fact had any tendency to impeach the plaintiff as a witness or to test his credibility. The extent to which collateral questions may on cross-examination be inquired into on these issues is a question of fact for the trial court and the admission or exclusion of evidence relevant thereto is not open to exception. *Guertin* v. *Hudson*, 71 N. H. 505, 508; *Gutterson* v. *Morse*, 58 N. H. 165. But the license of cross-examination does not authorize a party to prove in that way matters positively improper to be proved at all. *Seavy* v. *Dearborn*, 19 N. H. 351, 356. The defendant contends that Dr. Brown, the driver of the car, could be found on the evidence to have been the servant or agent of the plaintiff, the owner of the car. If this be so, evidence of Brown's skilfulness or otherwise was competent and the defendant was permitted without objection to cross-examine Brown thereto. But the plaintiff's responsibility as master or principal for Brown's lack of skill or negligence on this occasion did not put in issue the plaintiff's skill as a driver. Plaintiff's lack of care on former occasions had no tendency to prove Brown's negligence, which was the point in issue. The matter excepted to was clearly irrelevant. It was immaterial, *i. e.* had no legitimate tendency to prove or disprove any issue in the case, "but it must be quite apparent that the evidence was well calculated to mislead and prejudice the jury in favor of the defendant, and the plaintiff is entitled to a new trial." *Cole* v. *Boardman*, 63 N. H. 580, 582.

*Exception sustained: new trial.*

YOUNG, J., was absent: the others concurred.