Sullivan,
June 3, 1924.

## State *v.* William H. Braley.

Though it is not permissible to show that a defendant has been guilty of other similar offenses for the purpose of showing that he is guilty of the offense with which he is charged, such evidence is admissible whenever it tends to prove a purpose to commit the offense charged.

Whether relevant evidence should be excluded as tending to excite undue prejudice is a question of fact, and an exception to its admission presents no question of law.

Whether relevant evidence should be excluded as too remote in point of time to be of any assistance to the jury, is a question for the trial court.

Indictment, charging the defendant with raping his daughter, Bernice, a girl of thirteen. Trial by jury and verdict of guilty. The state was permitted to show, subject to exception, that the defendant's wife died in January, 1919, and that shortly after that he attempted to have intercourse with Bernice, who was then ten years old. Soon after that Bernice went to live with her grandmother, where she remained until June, 1922. At that time the defendant asked her to visit him and she was permitted to go with him on his promise to bring her back in a week or two. He made no attempt to return her to her grandmother, and in September committed the offense with which he is charged, and in December compelled her to submit a second time. Other facts are stated in the opinion.

Transferred by *Sawyer*, J., on exceptions to evidence and the denial of the defendant's motion to set the verdict aside.

*Francis W. Johnston*, solicitor, by brief and orally, for the state.

*Henry N. Hurd*, by brief and orally, for the defendant.

Young, J. Although it is not permissible to show that the defendant had been guilty of other similar offenses for the purpose of showing that he is guilty of the offense with which he is charged, *State* v. *Lapage*, 57 N. H. 245, still such evidence is admissible whenever it tends to prove a purpose to commit the offense with which he is charged. 1 Wig. Ev., *s.* 357.

The evidence admitted subject to exception tends to prove that the defendant made up his mind soon after his wife died to debauch his daughter. The fact he lied to her grandmother in order to

enable him to get her into his power tends to strengthen this conclusion, that is, tends to the conclusion that he took her to his home to enable him to effectuate his purpose of debauching her, and that is also true of the fact he compelled her to permit him to have intercourse with her the following December. It cannot be said, therefore, that the court erred when it admitted this evidence, even though it tended to prove that the defendant was guilty of the offense with which he was charged, for it also tended to prove his purpose or intent in taking her to his home.

The defendant further contends that even if this evidence was relevant to that issue, any inference favorable to the state's contention of which it is fairly capable is so slight that it should have been excluded as more likely to mislead than to aid the jury in its search for the truth.

In other words, the defendant invokes the undue prejudice rule. It is enough in so far as this contention is concerned to say that the issue the undue prejudice rule raises is one of fact, consequently the exception to the admission of evidence because it may excite undue prejudice raises no question for this court.

The defendant introduced evidence tending to prove that Bernice was a stubborn child, and to rebut that conclusion the state called among others the superintendent of the industrial school where Bernice was confined at the time of the trial and the defendant excepted on the ground that the evidence was too remote in point of time to be of any assistance to the jury. It is enough in so far as this exception is concerned to say that this was a question for the presiding justice.

After the verdict, the defendant made a motion to set it aside, alleging as the reason that he had owed two of the jurors who tried him for groceries and grain for so long a time that he had forgotten all about it at the time the jury was empaneled. If it is assumed it can be found from this evidence that the defendant had not lost his right to object to the competency of these jurors, he takes nothing by this exception, for the court found "that the jurors named were not creditors of the defendant" and the evidence warrants this finding.

*Exceptions overruled.*

Snow, J., was absent: the others concurred.