Coös,  }
April 6, 1926. }

### RALPH E. BUNTEN *v.* MARY E. DAVIS *& a.*

The owner of property has a right to make a reasonable defense against one coming upon it without his permission.

What is a reasonable defense against the invasion of one's property depends upon the owner's reasonable grounds for apprehension as to the probable conduct of the invader.

Upon the issue of the reasonable character of the defense made by a land owner against invasion of his property, his state of mind, and his knowledge of facts reasonably justifying that state of mind and the conduct induced thereby, are material. As explaining and justifying his state of mind and his resultant conduct, it is competent to show the conduct of other invaders in like circumstances, known to the owner but not to the person invading the premises.

Whether evidence which might be excluded for remoteness shall be received, is a question of fact; and the only question of law presented on its exclusion is whether a finding of remoteness could reasonably be made.

The exclusion of relevant evidence upon the ground that it would create unfair prejudice is permitted only when the evidence is merely circumstantial. The rule has no application to direct evidence of facts constituting a cause of action or affording ground of defense. If a fact is a material part of the case, the exclusionary rule of unfair prejudice cannot be invoked to exclude it. In such a situation no question of the law of evidence is involved.

The question what facts shall be considered upon the issue of reasonableness is one of substantive law, not of the law of evidence.

The admissibility of such facts is determined by ascertaining whether a reasonable man might deem them material; and a ruling upon this question is reviewable.

TRESPASS, to personal property. The plaintiff's automobile was injured by rifle shots intentionally discharged against it by the defendants. The defendants sought to justify their conduct on the ground that they were defending their premises from the unwarranted intrusion of the plaintiff and his companions. Trial by jury and verdict for the plaintiff.

The plaintiff testified that he came to Errol for his health June 5, 1924; that about 2:30 on the morning of July 4 he took five young men to ride in his car; that they rode by the defendants' house, and that the defendants were then beside the road, one with a flashlight and the other with a gun; after the car had gone about three hundred yards beyond the house some of the boys in the car exploded sticks of dynamite; that the plaintiff did not know until then that they had dynamite, and he had never heard of any trouble that the defendants had had in previous years; that he immediately turned the car about and started back toward Errol village; that when within about forty feet of the defendants' house the defendant Leon Davis fired several shots which struck and damaged the car; that the car was not on the defendants' property but in the highway all the time.

Mary E. Davis testified that she was afraid of dynamite and believed that exploding it around her premises would cause damage

to life and property; that she was at Errol village in the evening and heard dynamite exploding near the Androscoggin River; that she was afraid that her property might be damaged, and hurried home; that about ten minutes after she got into the house, which was 9:30 in the evening, a charge of dynamite exploded within one hundred and fifty feet of her buildings; that it jarred her house, which stood within fifty feet of the state highway; that she then took a flashlight and her son a gun and stood between her house and the highway for the purpose of protecting her property until the shooting took place about 2:30 in the morning; that about 1:30 some young men came toward her house from Errol on foot; that some of them were among those the plaintiff later took to ride in his car; that they went past her house and then returned and exploded dynamite a short distance below her house; that for the purpose of frightening them Leon fired and they scampered into the road; that a little later, about 2 o'clock, the car driven by the plaintiff went past her house and when it got about three hundred yards beyond, somebody in the car threw out and exploded a dynamite cartridge; that they went up to the next house, about a fourth of a mile beyond, and turned back and exploded some dynamite at about the same place the other was exploded; that as the car got nearly opposite her house it began to slow up, and she said, "Go along," but they turned in onto her premises; that when they got the car halfway into the driveway Leon told them not to come in, and when they drove into the yard he fired at the car at her command.

The defendants' offered to show previous experiences on like occasions, as constituting grounds for fear of damage to their property on this occasion. It was ruled that they might show all that occurred on the night in question, and all previous instances that could be brought to the plaintiff's knowledge. The rest of the evidence was excluded, as being remote and unduly prejudicial, and the defendants excepted.

Transferred by *Marble*, J.

*Warren W. James* (by brief and orally), for the plaintiff.

*Sullivan & Daley* and *Thomas F. Johnson* (*Mr. Sullivan* orally),. for the defendants.

PEASLEE, C. J. The defendant Mary E. Davis being the chief actor in the occurrences here involved, is spoken of herein as the defendant.

The evidence discloses two quite different versions of the occurrences leading up to the shooting. The plaintiff has argued his case upon the hypothesis that his version is to be taken to be the true one. But as the exceptions here presented relate to the admissibility of further evidence, the question is whether there was anything in the evidence already in the case to warrant the introduction of the offered proof. If it would tend to show a defense, taken in connection with the defendant's other evidence, it could not be excluded because it would not show a defense if the other facts were found to be as claimed by the plaintiff. It is to be considered here upon the assumption that she was acting in defense of her property, rather than in reference to the claim of an unwarranted assault upon travelers passing in the highway.

The defendant had the right to make reasonable defense of her property against invasion. *Aldrich* v. *Wright*, 53 N. H. 398. In the determination of the issue thus presented, the defendant's knowledge of facts bearing upon the situation is to be taken into consideration. While the standard of conduct is external, the actor's knowledge is included with other facts in ascertaining the reasonableness of the course pursued. *Sevigny* v. *Company*, 81 N. H. 311.

The nature of the defense is such that more is involved than merely the defendant's state of mind. In order to make good the defense set up it was necessary that it be made to appear, not only that the defendant entertained certain apprehensions, but also that her knowledge justified her state of mind and the conduct induced thereby. The jury were to be the judges, not only of her belief, but also of the reasonableness of her belief and conduct. To deal with these propositions, it was essential that they be put in her place and supplied with all the facts which she had to consider. Her acts were to be judged in the light of all the circumstances which existed and were likely to influence conduct. *State* v. *Railroad*, 52 N. H. 528, 557; *Bourassa* v. *Railway*, 75 N. H. 359.

Knowledge of the probability of future events is based upon what is known as the past. The defendant's reasonable prognostication of what was likely to happen to her premises upon the night in question is to be tested by the extent of her knowledge acquired by her experience and by the general knowledge of probable action. In the present instance, the general knowledge of the probable action of rational human beings would not account for or excuse the defendant's conduct. It is not a matter of common knowledge that the driver of an automobile who turns into a dooryard does so with

a purpose to blow up the buildings there situate. In order to justify her conduct, it was necessary for the defendant to prove the exist-ence of special facts, apparently applicable to the situation which confronted her.

It already appeared that the plaintiff and his fellow occupants in the car were engaged in expressing their sentiments, upon the Fourth of July, by the explosion of dynamite upon or near the premises of others. The defendant knew these facts. Was it reasonable for her to assume that they intended to make that expression more impres-sive by doing damage to her buildings? How was she to determine the problem? Was she to confine her cogitations to what had taken place that night, or had she also both the right and the duty to consider what had taken place on prior like occasions? How had the youth of the neighborhood conducted as to property in general, and that of the defendant in particular, on other anniversaries of the same event?

The facts shown by the excluded evidence were of most substantial value in the solution of the problem that faced the defendant when the plaintiff drove into her yard and continued to advance in dis-obedience of her command that he depart. Without these facts there is but little to justify or excuse the extreme action taken by her. But with them she would present a fair question for consideration by the jury.

In view of these circumstances, the finding that the evidence was too remote to be of value in the trial must be set aside. The evi-dence was neither remote nor collateral. It bore directly upon the vital issue in the case — the reasonable defense of property — and could not be excluded upon such grounds. *Tyler* v. *Railroad*, 68 N. H. 331.

The situation presented here is parallel with that in the *Tyler* case. In each case the issue was as to the reasonableness of conduct. In each the offer was to show what certain present manifestations meant to the actor, in view of his or her past experience. In neither case was the actor's conduct justified by the facts of the isolated transaction, and in both the light of former experience explains the action taken.

Unless it could be concluded, as matter of law, that the defendant's former experience could not be found to furnish a justification or legal excuse for her conduct, she was entitled to put that experience before the jury. If justification might be found therefrom, it was her legal right to introduce the facts in evidence. *Tullgren* v. *Com-*

*pany, ante* 268. When the issue is one of the reasonableness of conduct, a narrow limit cannot be put upon the scope of the inquiry into the knowledge and experience of the actor.

The issue of reasonable conduct is not usually proved by direct testimony to that end. It is a conclusion to be drawn by the trier of the fact from other facts that are put before him for his consideration. The appeal is to "the judgment and experience of the jury." *Whitcher* v. *Railroad*, 70 N. H. 242, 248. Hence it follows that all the surrounding circumstances become facts material to the case, as distinguished from circumstantial evidence from which a conclusion as to the existence of such facts is sought to be drawn. They are circumstances in proof, but they are not circumstantial evidence.

The question what class of facts shall be considered in the determination of the issue of reasonableness is one of substantive law, although it is usually raised by a ruling upon the introduction of the facts in evidence. Holmes C. L. 120. ". . . how a given proposition comes to be eligible for proof is not a part of the law of evidence." 1 Wig. Ev., s. 2.

But it may be said that even as to past experience there must be a point where it becomes so remote as to be of no value; as, for example, that this defendant's experiences of forty years ago, with an earlier generation, could be excluded upon this ground.

While the term remoteness may be fairly descriptive of the ground of exclusion in such a case, its use is undesirable if it tends to convey an erroneous idea as to the nature of the act of exclusion. If that act is a conclusion as to a proposition of law, it should not be described by the use of a term which has become identified with findings of fact only. The harmful result of such mistaken nomenclature is illustrated by the present situation. Calling the ground of exclusion remoteness would give certain plausibility to the argument here made that the action taken was not reviewable. But if it is properly designated, if it is stated to be a ruling as to what facts are or are not material elements in the case, it is at once apparent that the ruling is open to revision.

It may be argued that this conclusion leaves the trial court without any certain guide for action. Where, between two years and forty years, shall the line be drawn, and why? The answer is that before suggested. If a reasonable man might think the fact material it is to be received. The test is no more difficult of application than that limiting the exclusion of circumstantial proof for remoteness. The legal test there being whether remoteness could be found, it

presents a similar difficulty. Is there any evidence on the debated issue? The legal propositions that in one instance the presence of evidence sustains the ruling of exclusion and in the other overrules it, do not alter the fact that in each the use of the same mental process is involved. Upon the issue of remoteness the trier has to go further, and find the fact, after having settled the legal proposition that there is some evidence. Upon the question of materiality of facts the same preliminary proposition must be dealt with, but its determination is to be followed merely by the application of a rule of law. The latter processes do not appear to be more difficult than the former.

Upon the exclusion of evidence (not facts in the case), there is a reviewable question of law: Could a reasonable person deem this evidence too remote to be useful? Upon the rejection of facts claimed to bear upon the reasonableness of conduct, the question whether a reasonable man might think the fact of value is likewise reviewable. The first is a question presented by the law of evidence. It has to do with how one may prove his case. The second is a part of the substantive law relating to right or liability. It prescribes what one may prove, but has no concern with how he shall prove it. The failure to keep in mind the distinction between the law governing methods of proof and that fixing the rights, duties and obligations of persons, has often resulted in a confusion of thought and led to erroneous rulings on such questions. Because the trial of causes involves frequent application of rules of conduct, in passing upon the issue of the admission of evidence, there has sometimes been a tendency to treat the whole matter as merely a question of evidence. "To the utter confusion of all orderly thinking, a court is frequently represented as passing upon questions of evidence when in reality it is dealing with some other branch, either of substantive law or procedure." Thayer, Prelim. Treatise on Ev. 511.

But if the present finding of remoteness should be treated as the determination of a question of fact, rather than a ruling upon the legal proposition of materiality, it could not be sustained unless based upon evidence. Like any other finding of fact, it would be reviewable in this aspect, as matter of law.

The mere fact that some of the occurrences offered in proof happened two years before the time in question did not make them remote. In view of the peculiar nature of the transactions involved they were immediate. Independence day comes but once a year, and the offer was to go back only as far as the two next preceding

anniversaries. Remoteness is a relative proposition. Time and space are only parts of the elements to be considered. *Cross* v. *Wilkins*, 43 N. H. 332.

The ruling was also put upon the ground that the proffered evidence would create unfair prejudice in favor of the defendant. It is well settled in this state that the issue presented by the invocation of the undue prejudice rule is one of fact. *State* v. *Hause, ante,* 133; *State* v. *Braley,* 81 N. H. 323; *Rogers* v. *Rogers,* 80 N. H. 96; *Pope* v. *Railroad,* 79 N. H. 52; *Spilene* v. *Company,* 79 N. H. 326; *State* v. *Small,* 78 N. H. 525; *Curtice* v. *Dixon,* 74 N. H. 386. But this statement of the rule is not to be taken to mean that exclusion upon this ground can be applied to all offers of proof. The issue raised is one of fact; but the determination of when it may be raised is matter of law. Except in a few well-defined instances (character of the party as proof of guilt, *State* v. *La Page,* 57 N. H. 245, and similar matters) this ground is treated as being merely an added reason why evidence may be excluded when it tends to confuse the issues or to create unfair surprise. 3 Wig. Ev., s. 1904. The exclusion of relevant evidence upon the ground that it would create unfair prejudice is permitted when the evidence is merely circumstantial. 1 Wig. Ev., s. 42; 2 *Ib.,* ss. 1172, 1863. Its office is "to eliminate disturbing evidential facts." 3 Wig. Ev., s. 1906, note.

But the rule does not extend so far as to permit the exclusion of facts which the law declares to be elements of the situation which are to be considered. It has no application to direct evidence. The question whether certain facts constitute a cause of action, or afford a ground of defense, is one of substantive law; and if it be resolved in the affirmative the evidence thereof becomes admissible.

The evidence here offered, if believed, would have established certain facts material to the case. The question is not whether relevant evidence tending to prove a material fact shall be received, but whether a certain fact is a material part of the case. If it is, the exclusionary rule of unfair prejudice cannot be invoked to exclude it. In such a situation no question of the law of evidence is involved. 1 Wig. Ev., ss. 77, 245.

When the fact sought to be put in proof is directly involved as an element in the case it may be proved, even though it might have been excluded as unduly prejudicial if it had been merely a circumstantial fact whose sole office was to induce a belief as to some fact in issue. 1 Wig. Ev., s. 215. Thus, evidence of former like crimes, although often convincing as a part of the circumstantial proof of

a particular crime (*Darling* v. *Westmoreland,* 52 N. H. 401, 407), is excluded when offered for that purpose. *State* v. *La Page,* 57 N. H. 245. But when the fact of the former crime is an element in the offense charged, the prejudice rule yields and the evidence is admitted. *State* v. *Palmer,* 65 N. H. 216; *State* v. *Davis,* 69 N. H. 350; *State* v. *La Rose,* 71 N. H. 435.

The proposition that the defendant had the right to act within reason, as reason was supplied by her knowledge, is a rule of substantive law. The facts as to her experience were elements in the case. To say that they could be excluded from consideration because found to be unduly prejudicial is to deny the soundness of rules of conduct which the law has established. Such exclusion involves more than the mere administration of a secondary rule of circumstantial evidence.

The situation presented is that of evidence admissible upon one of the issues in the case and tending to prove that issue directly and immediately, without the aid of logical inference from fact to fact. It was direct evidence. A subsidiary rule relating to the rejection of circumstantial proof has no application to such a situation.

The plaintiff's argument that he is not to be charged with knowledge of the defendant's previous troubles does not reach the point in the case. There was evidence that he unlawfully intruded upon the defendant's premises; and under such circumstances he has no ground to complain because he did not know that the situation was such as to justify the defendant in going to great lengths in the protection of her property. The issue presented was, what might the defendant expect from the plaintiff and his companions, rather than what they might expect from her. The danger to be warded off is that which is apparent to the party whose rights are invaded. *Aldrich* v. *Wright,* 53 N. H. 398, 400 *et seq.*; *Hoit* v. *Stratton Mills,* 54 N. H. 109. "The necessity of safe reliance on what is apparent though unreal authorizes an unofficial use of force upon an appearance of danger that does not exist." *Jewell* v. *Gilbert,* 64 N. H. 13, 19. In emergencies, one may "act upon the apparent state of things," and may "act with alacrity." *O'Connor* v. *Bucklin,* 59 N. H. 589, 591.

The further claim that the facts in question were put before the jury and that the defendant had the benefit of them cannot be sustained. It is true that she injected a partial statement of her past troubles into the discussion between counsel and court as to their admissibility, but the ruling being that the evidence was ex-

cluded, it is to be assumed that both counsel and jury thereafter left it out of consideration. Moreover, such statements as she made constituted but a part of the offered proof.

*Exceptions sustained.*

MARBLE, J., did not sit: the others concurred.