Merrimack,
March 15, 1927.

JAMES W. GERRY *v.* VICTOR NEUGEBAUER.

*John M. Stark* and *Robert W. Upton* (*Mr. Upton* orally), for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Jonathan Piper* orally), for the defendant.

SNOW, J. The record does not sustain the plaintiff's contention that the defendant failed to protect his rights. It is true that the defendant was not "aggrieved" (P. L., c. 315, s. 8) until the prejudicial matter objected to had been received in evidence. See *Beaudette &c. Co.* v. *Therrien*, 81 N. H. 117, 118; *Small* v. *Saunders*, 81 N. H. 520. The better practice called for a renewal of the defendant's objection, a ruling thereon, and formal exception thereto. No particular formula, however, is essential to the saving of an exception to a ruling, so long as it appears from the whole record that the court and counsel must have understood an exception was allowed. *Dziedzic* v. *Company*, 82 N. H. 472; *Byron* v. *Railroad*, 82 N. H. 434; *Maravas* v. *Assurance Corp'n*, 82 N. H. 533. The anticipatory objection that the fact of insurance would be disclosed by the course the examination was taking had been overruled with the pertinent statement that the plaintiff would "take his chances on the answers." The finality of the court's words indicate something more than a purpose to rule later if required. It seems more probable than otherwise that the court intended, and that the parties understood, that the rights of the defendant, contingent upon injection of the fact of insurance, were saved to him.

Proof that the witness, King, had talked with a representative of an insurance company the week following the accident and had given him a signed statement gave the jury to understand that the party calling him was insured. This imputation is not negatived by the absence of evidence as to whether or not the other car owners involved in the accident carried insurance. The prejudicial character of the evidence was obvious. The injected fact that the defendant was insured was potent to "excite prejudices or raise false impressions." *Piechuck* v. *Magusiak*, 82 N. H. 429, and cases cited.

The plaintiff seeks to justify his offer of the objectionable fact as tending to discredit King. It is argued that interviewing a witness creates a relationship between the interviewer and the witness com-

petent to be shown; and that the relation of the adjuster to the witness here could not be fully developed without bringing out the fact of insurance. The plaintiff's major position in argument is that such relationship, being a matter in issue, "may always be shown," either upon cross-examination or by the testimony of other witnesses, under the principle laid down in *Drew* v. *Wood*, 26 N. H. 363, 365, and *State* v. *Marvin*, 35 N. H. 22, 28. In neither of these cases was the prejudicial character of the proffered evidence discussed. Evidence may be logically relevant but inadmissible for other reasons. *Curtice* v. *Dixon*, 74 N. H. 386, 394; *Cole* v. *Boardman*, 63 N. H. 580, 581; *Woodward* v. *Bixby*, 68 N. H. 219, 221. To adopt the plaintiff's contention, would be to make relevancy the sole test of admissibility in all cases, and to ignore the auxiliary principle governing the exclusion of circumstantial evidence when it would result in the confusion of issues or undue prejudice. Wig. Ev. (2d *ed.*), ss. 29a, 42, 55, 57, 1904.

Conceding the plaintiff's good faith, it was his legitimate purpose to attack the credibility of the witness by proving an opportunity on the part of the defense to influence his testimony. To this end he had been permitted to show, without objection, that the witness had reviewed the circumstances of the accident with the defendant's counsel. Proof that he had previously been interviewed by others was, therefore, cumulative evidence upon a collateral issue. The fact of such prior conference was already in evidence, when the examination of the witness was interrupted by the objection in chambers. The offer objected to was to prove the remoter fact of the identity of the person who had interviewed the witness in Boston. At most, it was one link in a chain of circumstantial facts whose only office was to induce a belief that the witness had been exposed to adverse influences. It is conceded by the plaintiff that the value of the evidence was not great. The defendant's objection to the offer presented the question whether the probative usefulness to the plaintiff's case of the proof of the identity of the interviewer as an adjuster of an insurance company outweighed the prejudicial disadvantage of the evidence to the defendant. In other words the objection invoked the undue prejudice rule. 4 Wig. Ev. (2d *ed.*), s. 1904; *Rogers* v. *Rogers*, 80 N. H. 96, 97; *Bunten* v. *Davis*, 82 N. H. 304, 311.

The invocation of this rule was an appeal to the discretion of the presiding justice, and presented the question of fact whether the objectionable evidence would do more harm than good. *Bunten* v. *Davis*, *supra*, and cases cited. Upon this question the defendant was entitled to a finding. The conference in chambers is not reported.

The record as transferred is ambiguous, and has some tendency to show that discretion was not exercised, sufficient to overcome the presumption ordinarily arising from the mere reception against objection, of evidence subject to discretionary admission. If discretion was exercised it does not clearly appear upon what evidence the result was reached. In this situation the appropriate procedure is to return the case to the superior court for an order, or for amendment. *Walker* v. *Railroad*, 71 N. H. 271, 273; *Besse* v. *Railroad*, 77 N. H. 605; *Barrett* v. *Cady*, 78 N. H. 60, 68; *McGinley* v. *Railroad*, 79 N. H. 320, 323. If the court did not exercise its discretion and make a finding upon the issue of prejudice, the defendant is entitled to a new trial. If discretion was exercised, and it was intended to reserve the question of the sufficiency of the supporting evidence, such evidence should be fully reported.

*Case discharged.*

BRANCH, J., did not sit: the others concurred.