# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0100, <u>State of New Hampshire v. Kimberly C. Lambert</u>, the court on November 6, 2015, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Kimberly C. Lambert, appeals the order of the Circuit Court (<u>Tenney</u>, J.) finding her guilty of disorderly conduct, <u>see</u> RSA 644:2 (2007), arguing that the trial court erred in: (1) ruling that she could not detain a person who was acting in a disorderly manner; and (2) not finding that her conduct was legally justified as self-defense or under the competing harms statute.

At trial, the victim testified that he was driving in the parking lot of a condominium complex when a vehicle started following him. He then observed the vehicle parked near an exit and the vehicle's driver standing outside of it, yelling at him to stop. After exiting his vehicle, he engaged in a verbal altercation with the other driver about speeding in the condominium complex. The victim decided to "defuse the situation" by leaving. However, the defendant had approached with her husband, who was recording the incident on a video camera. The defendant also yelled at him about speeding. As the victim attempted to drive away, the defendant jumped into his vehicle and "started trying to pull [his] keys out of the ignition and attacking [him] at the same time." The victim testified that the defendant ripped his coat and dug her nails into his neck and hands, leaving scars on one of his hands.

The defendant testified that, at the time of the incident, she was the vice president of the condominium association and was concerned about speeding in the condominium complex. She testified that she and her husband were watching television when they heard a loud engine noise and "ran to the window to see what was going on." They observed two vehicles driving around the parking lot several times before stopping. The defendant heard "screaming and hollering," and telephoned the police before joining her husband at the scene. She told the victim that the police were on their way, and that he needed to remain at the scene. When the victim insisted that he was going to leave, she attempted to grab the keys from his hand. She testified that he then "pull[ed] both of us toward the car, into the car, and pulled me on top of him."

The defendant first argues that under O'Connor v. Bucklin, 59 N.H. 589 (1879), she had the right to detain a person who was acting in a disorderly manner, and that the trial court erred in ruling that O'Connor is no longer good law. In O'Connor, this court stated, in dicta, that "[e]very member of the community has a right to do what is reasonably necessary for the protection of himself and others against apparent danger." See id. at 591. However, the trial court ruled that "[t]his is not the kind of behavior that's justified by the 120-year-old case or by . . . anything else"; it did not rule that O'Connor is no longer good law. See State v. Kay, 162 N.H. 237, 242 (2011) (interpretation of trial court order is a question of law, which we review de novo). Rather, it found that O'Connor did not justify the defendant's behavior under the circumstances of this case. Although the defendant testified vaguely that she heard the victim state that "he was going to kill," the trial court was not required to accept her testimony. See State v. Carr, 167 N.H. 265, 275 (2015) (fact-finder may reject any portion of a witness's testimony). No other witness corroborated her claim. By all accounts, the victim was attempting to leave the scene when the defendant instigated the physical struggle. The trial court found that "all [the defendant] did was perpetuate a further altercation with a person who was already leaving and the police had already been called." Considering the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State, see State v. Alwardt, 164 N.H. 52, 55 (2012), we conclude that the evidence was sufficient to support the trial court's finding beyond a reasonable doubt, see State v. Santamaria, 145 N.H. 138, 141 (2000) (State must prove conduct negating defenses beyond a reasonable doubt).

The defendant next argues that the trial court failed to consider her defenses of competing harms, see RSA 627:3 (2007), and self-defense, see RSA 627:4, I (2007). The record shows, however, that the trial court considered the defendant's defenses but found that her conduct was "not the kind of behavior that's justified . . . by the statutes or . . . by any means." To the extent that the defendant argues that the trial court failed to specifically rule on her defenses, the record fails to show that she requested specific rulings. See State v. Barkus, 152 N.H. 701, 705 (2005) (absent a request, trial court not obligated to make specific rulings); State v. Winward, 161 N.H. 533, 542 (2011) (appealing party has burden to demonstrate that issue was raised in trial court). We assume the trial court made all findings necessary to support its decision. State v. Silva, 158 N.H. 96, 102 (2008). Although the evidence pertaining to the defenses was conflicting, we uphold the trial court's credibility determinations unless no rational trier of fact could have reached the same conclusion. See State v. Carr, 167 N.H. at 275. Based upon this record, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the defendant's conduct was not justified under the competing

harms defense, <u>see</u> <u>State v. L'Heureux</u>, 150 N.H. 822, 826 (2004), and that she did not act in self-defense, <u>see</u> <u>State v. Santamaria</u>, 145 N.H. at 141.

<u>Affirmed</u>.

Dalianis, C.J., and Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
